The STATE of Ohio, Appellee,

v.

MITCHELL, Appellant.

[Cite as *State v. Mitchell,* 187 Ohio App.3d 315, 2010-Ohio-1766.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–10–1047.

Decided April 22, 2010.

Julia R. Bates, Lucas County Prosecuting Attorney, and David F. Cooper, Assistant Prosecuting Attorney, for appellee.

Kenneth J. Rexford, for appellant.

Per Curiam.

{¶ 1} This matter is before the court on the "Motion to Dismiss Re–Appeal" of plaintiff-appellee, the state of Ohio. The state is asking the court to dismiss the

appeal of defendant-appellant, Lamont Mitchell. On February 12, 2010, Mitchell timely filed his notice of appeal in connection with the trial court's January 25, 2010 judgment of conviction. In this judgment, the trial court corrected its February 2007 judgment of conviction and resentenced Mitchell pursuant to the Ohio Supreme Court's decision in *State v. Baker,* 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163. Before addressing the merits of the state's arguments, a brief review of the procedural history in this case is warranted.

## Procedural Background

{¶ 2} On January 31, 2007, Mitchell entered a no-contest plea and was found guilty by the court of trafficking in cocaine in violation of R.C. 2925.03(A)(2) and (C)(4)(f). The trial court sentenced Mitchell on February 26, 2007. The trial court's judgment of conviction states: "The Court finds that defendant *has been convicted* of Trafficking in Cocaine a violation of R.C. 2925.03(A)(2) & (C)(4)(f). Defendant given post release control notice under R.C. 2929.19(B)(3) and R.C. 2967.28." (Emphasis added.) Mitchell appealed his sentence. This court affirmed that sentence in *State v. Mitchell,* 6th Dist. No. L–07–1092, 2007-Ohio-5316, 2007 WL 2874351.

{¶ 3} On January 21, 2010, the trial court resentenced Mitchell pursuant to the Ohio Supreme Court's decisions in *Baker,* 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, and *State v. Bloomer,* 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254. The corrected judgment of conviction states: "The Court finds on January 31, 2007, defendant entered a plea of No Contest and *was found Guilty* by the Court of * * * Trafficking Cocaine * * *.

{¶ 4} "It is ordered that defendant serve a term of five (5) years in prison * * *.

{¶ 5} "Defendant given notice of * * * mandatory five (5) years post release control * * *." (Emphasis added.)

## Crim.R. 32(C) Requirements

{¶ 6} "In *State v. Baker,* 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, syllabus, we held that Crim.R. 32(C) requires that a judgment of conviction set forth the following to be a final appealable order: '(1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court.'" *State ex rel. Culgan v. Medina Cty. Court of Common Pleas,* 119 Ohio St.3d 535, 2008-Ohio-4609, 895 N.E.2d 805, ¶ 10.

{¶ 7} In *State ex rel. Culgan,* the Ohio Supreme Court ruled that a judgment of conviction that stated that the defendant "has been convicted" (the same language used in Mitchell's February 2007 judgment) was not a final, appealable

order and did not comply with either Crim.R. 32(C) or *Baker* because the judgment did not contain a guilty plea, a jury verdict, or the finding of the court upon which the defendant's convictions were based. Id. at ¶ 2, 10.

{¶ 8} Both the state and Mitchell acknowledge that the trial court's February 2007 sentencing entry did not comply with Crim.R. 32 or *Baker* because the trial court used the phrase "has been convicted" instead of "found guilty." The real dispute between the parties arises as to how this court should treat that noncompliant *Baker* sentencing entry.

{¶ 9} Mitchell argues that the February 2007 sentencing entry was a not a final, appealable order because it did not comply with Crim.R. 32(C) or *Baker*, and the subsequent decision by this court affirming Mitchell's sentence was a nullity. Mitchell cites this court's recent decision in *State v. Lampkin*, 6th Dist. No. L–09–1270, 2010-Ohio-1971, 2010 WL 1781496, in which the court denied the state's motion to dismiss and held that the defendant was entitled to proceed with his appeal after the trial court corrected his sentencing entry to comply with Crim.R. 32(C) and *Baker*. In that case, this court found that when it heard the defendant's initial appeal, it was without jurisdiction to do so because there was no final, appealable sentencing entry. The court agreed to hear the defendant's appeal again, this time from his *Baker-* and Crim.R. 32(C)-compliant sentencing entry.

{¶ 10} The state characterizes Mitchell's appeal as a "re-appeal" and argues that this "re-appeal" is barred by res judicata and collateral estoppel. The state also argues that Mitchell consented to this court's jurisdiction on his original appeal and thus has waived any argument relating to the court's jurisdiction in hearing that appeal. Essentially, the state maintains that because Mitchell appealed his conviction based upon the noncompliant *Baker* sentencing entry, he is precluded from rearguing the merits of his conviction.

### Collateral Estoppel and Waiver of Jurisdiction

{¶ 11} " 'The doctrine of collateral estoppel cannot be invoked when there is no final order.' " *Stumpff v. Harris*, 2d Dist. No. 23354, 2010-Ohio-1241, 2010 WL 1138972, ¶ 31, quoting *Glidden Co. v. Lumbermen's Mut. Cas.* Co., 112 Ohio St.3d 470, 2006-Ohio-6553, 861 N.E.2d 109, ¶ 46.

{¶ 12} In *Lampkin*, this court rejected a similar argument raised by the state:

{¶ 13} "Appellee alternatively argues * * * that Lampkin's appeal should be dismissed because he stipulated to this court's jurisdiction when he prosecuted his original appeal. In *Palmer*, the court stated: 'Stipulation to the truth of facts necessary to insure jurisdiction, however, may suffice to confer jurisdiction through estoppel.' [*In re Palmer* (1984), 12 Ohio St.3d 194, 196, 12 OBR 259, 465 N.E.2d 1312.] There is no such stipulation in this case; Lampkin did not

stipulate to the 'fact' of a final appealable order of conviction by filing a notice of appeal. Further, the *Palmer* case did not involve the issue of stipulating to a final appealable order and is not applicable." *Lampkin*, 2010-Ohio-1971, 2010 WL 1781496, at ¶ 22.

{¶ 14} In addition to our holding in *Lampkin*, the court also recognizes the general rule that parties cannot stipulate to a particular court's jurisdiction when it does not otherwise exist. *Durgans v. Durgans* (Feb. 9, 2001), 11th Dist. No. 2000–P–0026, 2001 WL 114983. See also *Beatrice Foods Co. v. Porterfield* (1972), 30 Ohio St.2d 50, 59 O.O.2d 76, 282 N.E.2d 355, paragraph two of the syllabus ("[A]dverse parties may not confer jurisdiction upon a court by mutual consent, where none would otherwise exist * * * "); and *Toledo v. Toledo Edison Co.* (C.P.2000), 118 Ohio Misc.2d 131, 142, 770 N.E.2d 132, citing *State ex rel. Jones v. Suster* (1998), 84 Ohio St.3d 70, 701 N.E.2d 1002 (subject-matter jurisdiction may not be altered by the agreement of the parties).

{¶ 15} As in *Lampkin*, we reject the state's argument that Mitchell waived and consented to this court's jurisdiction by appealing his noncompliant *Baker* sentencing entry. We also find that collateral estoppel is inapplicable because there was never a final judgment for purposes of Crim.R. 32(C).

### Res Judicata

{¶ 16} The court also rejects the state's claims that Mitchell's appeal is barred by res judicata. "The doctrine of res judicata is defined as '[a] valid, final judgment rendered upon the merits [that] bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.' *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226, syllabus, * * *. The doctrine is a substantive rule of law that applies to *a final judgment*." (Emphasis added.) *Indiana Ins. Co. v. Farmers Ins. Co. of Columbus, Inc.*, 5th Dist. No. 2004 AP 07 0055, 2005-Ohio-1774, 2005 WL 858168, ¶ 38. See also *DiRando v. Toledo* (June 30, 1995), 6th Dist. No. L–94–312, 1995 WL 386475, *4, fn. 2 ("[The judgment] was not a final, appealable order and, therefore, the doctrine of res judicata was inapplicable").

{¶ 17} In this case, there was no final order for purposes of Crim.R. 32, and therefore res judicata is inapplicable due to the "lack of a final order."

### "Void" vs. "Voidable"

{¶ 18} The state also argues that this court had jurisdiction to hear Mitchell's prior appeal because Mitchell's sentencing entry was "voidable," not "void." The state argues that there is nothing to suggest that a noncompliant Crim.R. 32(C)

*Baker* sentencing entry is "void." We disagree with the state and find that a noncompliant *Baker* sentencing entry is "void," not "voidable."

{¶ 19} The specific issue of whether a judgment is "void" or "voidable" was recently addressed in detail by the majority in *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568:

{¶ 20} "Our analysis begins by making a key distinction that has been obscured in our law: the difference between sentences that are void and those that are voidable. We recognize that we have not always used these terms as properly and precisely as possible. See, e.g., *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 34 (Lanzinger, J., concurring) (suggesting that the court had not properly used the term 'void' and instead should have used the term 'voidable' in referring to the sentences at issue in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 103); *Kelley v. Wilson*, 103 Ohio St.3d 201, 2004-Ohio-4883, 814 N.E.2d 1222, ¶ 14 ('despite our language in [*State v. Green* (1998), 81 Ohio St.3d 100, 689 N.E.2d 556] that the specified errors rendered the sentence 'void,' the judgment was voidable and properly challenged on direct appeal'); *State v. Parker*, 95 Ohio St.3d 524, 2002-Ohio-2833, 769 N.E.2d 846, ¶ 20–26 (Cook, J., dissenting) (arguing that the majority opinion confused void and voidable judgments).

{¶ 21} "In general, a void judgment is one that has been imposed by a court that lacks subject-matter jurisdiction over the case or the authority to act. *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 27. Unlike a void judgment, a voidable judgment is one rendered by a court that has both jurisdiction and authority to act, but the court's judgment is invalid, irregular, or erroneous. Id." *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 11–12, superseded by statute as stated in *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958.

■ {¶ 22} The *Simpkins* court concluded that the failure to provide the defendant with notice of mandated postrelease control rendered the sentences and judgments of conviction "void," not "voidable." [1]

■ {¶ 23} Applying *Simpkins* to the instant case, we find no discernible difference between the trial court's failure to comply with its mandatory duty to provide a judgment of conviction that complies with Crim.R. 32, and the failure to provide the requisite notice of postrelease control specifically addressed in *Simpkins*. The trial court's failure in February 2007 to issue a judgment of conviction that complied with Crim.R. 32(C) rendered Mitchell's conviction void.

---

1. Similarly, res judicata does not apply to a "void" judgment. *Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 30.

Indeed, in her dissent in *Simpkins,* Justice Lanzinger foresaw the very issue before this court:

{¶ 24} "If, as the majority states, the sentencing judgment is 'a mere nullity and the parties are in the same position as if there had been no judgment,' ¶ 19, we face troublesome consequences. *A sentence that is null and void impairs the underlying conviction as a final appealable order, see Crim.R. 32(C), and therefore a defendant may be able to appeal the underlying conviction when the judge eventually imposes a nonvoid sentence and time begins to run for appeal.*" (Emphasis added.) 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 48 (Lanzinger J., dissenting).

{¶ 25} In conclusion, the parties have each raised compelling arguments. The state's motion to dismiss is premised on the practical implications of the Ohio Supreme Court's rulings in *Baker, Culgan,* and *Simpkins:* "[A]s this court is no doubt well aware [defective sentencing entries] have been numerous because the Supreme Court decisions condemning them have been of recent origin and the bar and lower courts have been slow to realize their implications. As a result, a host of appeals have been filed, briefed, argued and decided without anyone being aware that the appeal may have been predicated upon an order that was, or would ultimately be determined to be defective and thus non-appealable. A careful consideration of defendant's claim that he is entitled to re-litigate issues already decided by this court several years ago, is thus important, because, given the sheer volume of defective sentencing entries that escaped notice in the past, we can all anticipate being deluged by defendants who are disgruntled with the results of their merit appeal and who can be expected to vigorously pursue any chance they might be given to start the appeals process over."

{¶ 26} Mitchell, while perhaps also cognizant of the practical implications raised in the state's arguments, responds in kind:

{¶ 27} "The obvious problem with all of this (the state's arguments), however, is that, whereas it all seems plausible and in compliance with Due Process principles, we cannot make up procedural rule changes to deal with these Crim.R. 32(C) (and PRC error cases) on the fly without any rule changes or other structural fix to allow the same.  * * *  [W]e cannot just make this up as we go * * *.

{¶ 28} "Hopefully the Ohio Supreme Court will intervene to actually set forth procedural rules that make sense and that fix this monstrosity of a problem. However, this 'fix' of simply dismissing appeals because they seem too onerous or too messy is not acceptable."

{¶ 29} The court concurs with Mitchell. While the practical implications indeed may be "onerous" and "messy," this court is bound by the rulings of the

Ohio Supreme Court, and we believe that today's result is consistent with, and mandated by, the court's decisions in *Baker*, *Culgan*, and *Simpkins*.

{¶ 30} The Ohio Supreme Court may also reexamine these issues in the near future. The court is mindful that on March 30, 2010, the Ohio Supreme Court heard arguments on appeal of the case of *State v. Fischer*, 9th Dist. No. 24406, 181 Ohio App.3d 758, 2009-Ohio-1491, 910 N.E.2d 1083. The proposition of law before the court in *Fischer* is "[a] direct appeal from a void sentence is a legal nullity; therefore, a criminal defendant's appeal following a * * * resentencing is the first direct appeal as of right from a valid sentence."

{¶ 31} We suspect we are not the first, nor the last, court to engage these issues. Perhaps in *Fischer*, the Ohio Supreme Court will provide the courts of appeal and trial courts with additional clarification and specific guidance on these issues.

{¶ 32} Appellee's motion to dismiss is found not well taken and is denied. It is so ordered.

Motion denied.

OSOWIK, P.J., and SINGER and COSME, JJ., concur.