[Cite as *State ex rel. DeWine v. Burge,* 128 Ohio St.3d 1230, 2011-Ohio-1755.]

THE STATE EX REL. DEWINE, ATTY. GEN., ET AL., APPELLANTS, *v.* BURGE, JUDGE, APPELLEE.

[Cite as *State ex rel. DeWine v. Burge,* 128 Ohio St.3d 1230, 2011-Ohio-1755.]

*Motions for reconsideration denied.*

(No. 2010-1216 — Submitted March 1, 2011 — Decided April 19, 2011.)

APPEAL from the Court of Appeals for Lorain County, Nos. 09CA009723 and 09CA009724, 2010-Ohio-3009.

ON MOTIONS FOR RECONSIDERATION

_____

{¶ 1} On January 27, 2011, the court reversed the judgment of the court of appeals in this case and granted a writ of prohibition to compel appellee, Lorain County Court of Common Pleas Judge James M. Burge, to vacate his acquittal of Nancy Smith and to issue a corrected sentencing entry that complies with Crim.R. 32(C). *State ex rel. DeWine v. Burge,* 128 Ohio St.3d 236, 2011-Ohio-235, 943 N.E.2d 535.

{¶ 2} Appellee has filed a motion for reconsideration. Nancy Smith has filed a motion for leave to intervene as a party respondent-appellee and a motion for reconsideration.

{¶ 3} Smith's motion for leave to intervene is granted. The motions for reconsideration are denied.

O'CONNOR, C.J., and LUNDBERG STRATTON, CUPP, and MCGEE BROWN, JJ., concur.

O'DONNELL, J., dissents in part and would vacate the court's opinion and issue a writ of prohibition only compelling the trial court to vacate the judgment of acquittal.

PFEIFER and LANZINGER, JJ., dissent in part and would grant the motions for reconsideration.

_____

**O'DONNELL, J., dissenting.**

{¶ 4} I respectfully dissent and would grant the motions for reconsideration filed in this case to clarify our decision in *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, in which we declared that a judgment of conviction that fails to indicate the *manner of conviction* does not comply with Crim.R. 32(C) and is therefore not a final appealable order. The plain language of Crim.R. 32(C) requires only that "[a] judgment of conviction * * * set forth the plea, the verdict, or findings, upon which each conviction is based, and the sentence"; it does not direct a trial court to specify the "manner of conviction."

{¶ 5} Accordingly, it is now my view that the original judgment of conviction entered in 1994 complied with Crim.R. 32(C) and constituted a final appealable order. Thus, the writ we granted should have been limited to compelling Judge Burge to vacate his acquittal of Nancy Smith and should not have directed the judge to correct the prior judgment to indicate the manner of conviction. For this reason, reconsideration should be granted.

{¶ 6} In 1994, a jury convicted Nancy Smith and Joseph Allen of multiple sex offenses and the court sentenced them to terms of incarceration pursuant to those convictions. Following our decision in *Baker*, Smith and Allen moved the trial court to resentence them because the sentencing entries did not include the manner of conviction. In considering their motions, the trial court found that the judgments of conviction did not comply with Crim.R. 32(C) as construed by *Baker* and therefore did not constitute final appealable orders. Rather than resentencing Smith and Allen, however, the trial court acquitted them and ordered that they be released from incarceration.

2

**{¶ 7}** Both the Ohio attorney general and the Lorain County prosecuting attorney filed complaints in the Ninth District Court of Appeals seeking writs of prohibition to compel the court to vacate its acquittal, issue new sentencing entries correcting any errors, and return Smith and Allen to prison. The court of appeals dismissed the complaint as to Smith, holding that the trial court did not patently and unambiguously lack jurisdiction to acquit her, but it granted the writ as to Allen because Allen had not timely moved for acquittal pursuant to Crim.R. 29(C). *State ex rel. Cordray v. Burge*, Lorain App. Nos. 09CA009723 and 09CA009724, 2010-Ohio-3009, ¶ 29, 30, 34, 36.

**{¶ 8}** The state appealed the appellate court's dismissal of the prohibition claim as to Smith to this court. We reversed, granted the writ, and held that although the judgment of conviction entered in Smith's case did not comply with Crim.R. 32(C), the trial court nonetheless had "*limited jurisdiction*" to simply correct the judgment of conviction by entry of nunc pro tunc journal entry. (Emphasis sic.) *State ex rel. DeWine v. Burge*, 128 Ohio St.3d 236, 2011-Ohio-235, 943 N.E.2d 535, ¶ 19. We concluded that "Judge Burge patently and unambiguously lacked jurisdiction to vacate Smith's convictions and sentence when his authority was limited to issuing a corrected sentencing entry that complies with Crim.R. 32(C)." Id. at ¶ 21.

**{¶ 9}** On reconsideration, however, a careful review of the record and the plain language of Crim.R. 32(C) reveals that the 1994 judgment of conviction had in fact complied with Crim.R. 32(C) at the time the court entered it more than 15 years ago.

### Crim.R. 32(C)

**{¶ 10}** Prior to the adoption of Crim.R. 32(C), Ohio jurisprudence required a finding of guilt and a sentence in order for a conviction to be considered a final appealable order. See *State v. Thomas* (1964), 175 Ohio St.

563, 26 O.O.2d 253, 197 N.E.2d 197, syllabus; *State v. Chamberlain* (1964), 177 Ohio St. 104, 106-107, 29 O.O.2d 268, 202 N.E.2d 695.

{¶ 11} The court adopted Crim.R. 32(C), effective July 1, 1973, and as amended, it now provides: "A judgment of conviction shall set forth the plea, the verdict, or findings, upon which each conviction is based, and the sentence. Multiple judgments of conviction may be addressed in one judgment entry. If the defendant is found not guilty or for any other reason is entitled to be discharged, the court shall render judgment accordingly. The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk."

{¶ 12} In cases decided after the adoption of this rule, we have recognized that a judgment of conviction is composed of two essential elements: the adjudication of guilt and the sentence. See, e.g., *State v. Poindexter* (1988), 36 Ohio St.3d 1, 5, 520 N.E.2d 568 (" 'conviction' includes *both* the guilt determination and the penalty imposition" [emphasis sic]); *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, ¶ 24 ("a 'conviction' consists of a guilty verdict *and* the imposition of a sentence or penalty" [emphasis sic]). Cf. *State v. Tuomala,* 104 Ohio St.3d 93, 2004-Ohio-6239, 818 N.E.2d 272, ¶ 14-15 (explaining that no judgment of conviction is entered when a defendant is found not guilty by reason of insanity).

{¶ 13} The Crim.R. 32(C) directive that "[a] judgment of conviction * * * set forth the plea, the verdict, or findings, upon which each conviction is based, and the sentence," does not require a trial court to specify the "manner of conviction." Rather, that notion crept into Ohio jurisprudence recently, through *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, where we attempted to explain the meaning of that rule. For purposes of the finality of a judgment of conviction, the *manner* of conviction is not a requirement; rather, Crim.R. 32(C) requires the judgment of conviction to set forth the plea, the

verdict, or findings, upon which each conviction is based, and the sentence. Nothing more.

### *State v. Baker*

{¶ 14} In *State v. Baker*, we declared that "[a] judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court." Id. at syllabus.

{¶ 15} Explaining that language in *Baker*, we further stated that "a trial court is required to sign and journalize a document memorializing the sentence *and the manner of conviction*: a guilty plea, a no contest plea upon which the court has made a finding of guilt, a finding of guilt *based upon a bench trial*, or a guilty verdict *resulting from a jury trial*." (Emphases added.) Id. at ¶ 14.

{¶ 16} In an attempt to guide trial judges in their efforts to comply with Crim.R. 32(C), *Baker* used the phrases "the manner of conviction," "a finding of guilt based upon a bench trial," and "a guilty verdict resulting from a jury trial," which inferior courts interpreted as additional requirements for the entry of a final order; in fact, setting forth the manner of conviction in a judgment of conviction is not a Crim.R. 32(C) requirement. *Baker* therefore inadvertently spawned litigation regarding the finality of a judgment of conviction. See, e.g., *State v. Mitchell*, 187 Ohio App.3d 315, 2010-Ohio-1766, 931 N.E.2d 1157 (holding that a judgment of conviction that does not comply with *Baker* is not a final appealable order); *State v. Tuggle,* Lucas App. No. L-09-1317, 2010-Ohio-4162, ¶ 4 ("appellant's original appeal is a legal nullity, and this appeal following resentencing is appellant's first appeal as of right").

{¶ 17} Significantly, Crim.R. 32(C) was amended following our decision in *Baker* to add a comma between the words "verdict" and "or findings," which helps to clarify the rule. 122 Ohio St.3d C.

**{¶ 18}** We should clarify *Baker* to explain that the reference to the manner of conviction is not an additional Crim.R. 32(C) requirement for the entry of a final appealable order and that a judgment of conviction requires the plea, the verdict, or findings, upon which each conviction is based, and the sentence. On its face, Crim.R. 32(C) requires nothing more.

### Conclusion

**{¶ 19}** Crim.R. 32(C) provides that a judgment of conviction in a criminal case must set forth "the plea, the verdict, or findings, upon which each conviction is based, and the sentence." Accordingly, nothing more is needed to constitute a final appealable order, and our statement in *Baker* that trial courts must specify the manner of conviction by way of jury verdict or bench trial is mere explanatory surplusage but is not a requisite to establish a final appealable order.

**{¶ 20}** The proponents seeking a writ of prohibition have the burden of demonstrating that the trial court patently and unambiguously lacked jurisdiction to enter the judgment of acquittal. *State ex rel. Mayer v. Henson,* 97 Ohio St.3d 276, 2002-Ohio-6323, 779 N.E.2d 223, ¶ 12 ("If a lower court patently and unambiguously lacks jurisdiction to proceed in a cause, prohibition and mandamus will issue to prevent any future unauthorized exercise of jurisdiction and to correct the results of prior jurisdictionally unauthorized actions"). Here, the proponents have satisfied their burden of proof.

**{¶ 21}** The 1994 judgment of conviction met the directives of Crim.R. 32(C) and constituted a final appealable order because it included a statement that Smith had been found guilty of multiple charges and imposed sentence. Thus, the trial court in 2009 patently and unambiguously lacked jurisdiction to enter a judgment of acquittal in Smith's case. See *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 18-19 (explaining that trial courts lack authority to reconsider valid final judgments in criminal cases).

**{¶ 22}** Nonetheless, here I would grant reconsideration of our earlier decision because the 1994 judgment of conviction complied with Crim.R. 32(C), and thus we had no need to grant a writ compelling the trial court to issue a new entry indicating the manner of conviction in this case. Accordingly, the court should vacate *State ex rel. DeWine v. Burge*, 128 Ohio St.3d 236, 2011-Ohio-235, 943 N.E.2d 535, and, for the reasons stated in this opinion, issue a writ of prohibition compelling the trial court to vacate the judgment of acquittal. Resentencing is not necessary because the original judgment complied with Crim.R. 32(C).

_____

**LANZINGER, J., dissenting.**

**{¶ 23}** I respectfully dissent from the court's decision to deny the motions for reconsideration in this case. The factual background and procedural posture of this case are undeniably exceptional. Based on the unique circumstances here, I no longer agree that Judge Burge patently and unambiguously lacked jurisdiction to proceed. Furthermore, our precedent recognizes that double jeopardy prevents this acquittal from being reviewed.

### I. Motions to Reconsider

**{¶ 24}** Although I concurred in the January 27 opinion granting the writ, after reconsideration, I have concluded that the proper course of action in this case is to affirm the judgment of the court of appeals and deny the writ of prohibition. I am not convinced that Judge Burge patently and unambiguously lacked jurisdiction to grant a judgment of acquittal. In addition, I believe that it is improper for us to disturb the judgment granting the acquittal here.

*A. Judge Burge Did Not Patently and Unambiguously*

*Lack Jurisdiction to Grant the Acquittal*

**{¶ 25}** This court's recent statements on how to remedy Crim.R. 32(C) errors have understandably caused some confusion.

**{¶ 26}** Under some of our decisions, Judge Burge proceeded properly when he vacated Smith's and Joseph Allen's defective judgment entries, ordered a presentence investigation report for Smith and Allen, and conducted a review of the trial transcript and the evidence admitted in support of Smith's Crim.R. 29(C) motion for acquittal. In 2008, we twice stated that in cases in which the trial court failed to comply with Crim.R. 32(C), "*the appropriate remedy is resentencing* instead of outright release." (Emphasis added.) *McAllister v. Smith*, 119 Ohio St.3d 163, 2008-Ohio-3881, 892 N.E.2d 914, ¶ 9; *Mitchell v. Smith*, 120 Ohio St.3d 278, 2008-Ohio-6108, 898 N.E.2d 47, ¶ 1. These cases certainly suggested that a final, appealable order had not yet been entered and that any interlocutory orders, such as a motion for acquittal, could be reconsidered. See *State v. Ross*, 184 Ohio App.3d 174, 2009-Ohio-3561, 920 N.E.2d 162, ¶ 14, quoting *State v. Abboud*, 8th Dist. Nos. 80318 and 80325, 2002-Ohio-4437, 2002 WL 1986552, at ¶ 8 (" 'The denial of a motion for judgment of acquittal prior to final sentencing is an interlocutory order. Accordingly, the trial court was permitted to "revisit" the order that denied [the defendant's] motion for acquittal' ").

**{¶ 27}** Soon after *McAllister*, we denied a petitioner's writ of habeas corpus and held that a failure to comply with Crim.R. 32(C) does not entitle an inmate to immediate release from prison and that "the appropriate remedy is correcting the journal entry." *Dunn v. Smith*, 119 Ohio St.3d 364, 2008-Ohio-4565, 894 N.E.2d 312, at ¶ 10. *Dunn* does not cite *McAllister* or specify by what procedure the journal entry is to be corrected.

**{¶ 28}** Less than two years after *Dunn*, we held that "the remedy for a failure to comply with Crim.R. 32(C) is a revised sentencing entry rather than a new hearing." *State ex rel. Alicea v. Krichbaum*, 126 Ohio St.3d 194, 2010-Ohio-3234, 931 N.E.2d 1079, at ¶ 2. *Alicea* failed to mention *McAllister* and *Mitchell*'s holding that the appropriate remedy is *resentencing*, instead citing *State ex rel. Culgan v. Medina Cty. Court of Common Pleas*, 119 Ohio St.3d 535, 2008-Ohio-

4609, 895 N.E.2d 805, in which we ordered the common pleas court to "issue a sentencing entry that complies with Crim.R. 32(C) and constitutes a final appealable order," id. at ¶ 11. Once again, we did not consider *McAllister*.

**{¶ 29}** The foregoing cases thus offer contradictory approaches to correcting a Crim.R. 32(C) error: *McAllister* and *Mitchell* both require "resentencing." *Dunn* requires "correcting" the journal entry. *Culgan* requires that the trial court "issue a sentencing entry that complies with Crim.R. 32(C)." *Alicea* requires "a revised sentencing entry rather than a new hearing."

**{¶ 30}** Our January 27 opinion in this case purports to limit *McAllister* and *Mitchell* by stating that in those cases "we did not suggest that [the term 'resentencing'] encompassed anything more than issuing a corrected sentencing entry that complies with Crim.R. 32(C)." *State ex rel. DeWine v. Burge*, 128 Ohio St.3d 236, 2011-Ohio-235, 943 N.E.2d 535, ¶ 20. I now disagree with this statement. While we did not elaborate on what "resentencing" constitutes in either *McAllister* or *Mitchell*, the plain meaning of "resentencing" is "[t]he act or an instance of imposing a new or revised criminal sentence." Black's Law Dictionary (9th Ed.2009) 1422. Furthermore, R.C. 2929.19 requires that courts hold sentencing hearings after certain cases have been remanded for resentencing. *Alicea,* however, states that a revised entry is required rather than a new hearing.

**{¶ 31}** The inconsistency becomes especially troubling when one more closely examines *Alicea*. Alicea's sentencing entry fully complied with Crim.R. 32(C). It was therefore completely unnecessary to add language addressing the remedy for a failure to comply with Crim.R. 32(C). This language in *Alicea*, then, is mere dicta that should not have informed any subsequent decision. Unfortunately, *Alicea* has confused this area of the law.

**{¶ 32}** The fact remains that *McAllister* and *Mitchell* have not been overruled, and in the January 27 opinion in this case we purported only to limit those decisions. Because Judge Burge's granting the acquittal was based upon a

reasonable interpretation of *McAllister* and *Mitchell*, he did not patently and unambiguously lack jurisdiction, and I would accordingly grant the motion to reconsider, affirm the court of appeals, and deny the writ of prohibition.

### B. Double-Jeopardy Concerns

{¶ 33} The January 27 opinion in this case does not address our recent decision in *State v. Ross*, 128 Ohio St.3d 283, 2010-Ohio-6282, 943 N.E.2d 992. In *Ross*, we addressed the issue whether a trial court may reconsider a ruling denying a timely filed Crim.R. 29(C) motion for acquittal and grant the motion based on a defendant's renewed motion filed after the 14-day period in Crim.R. 29(C) has expired. We held that the trial court had erred in reconsidering its initial denial of Ross's motion for acquittal, because the renewed motion was filed well outside the 14-day period established by Crim.R. 29(C) for filing such motions. Id. at ¶ 49. Most importantly, however, *we did not reverse the judgment of acquittal*. Instead, we held that pursuant to *State v. Bistricky* (1990), 51 Ohio St.3d 157, 555 N.E.2d 644, an appellate court *cannot* disturb a trial judge's acquittal order, because that order, unlike the substantive legal rulings underlying it, is not appealable pursuant to R.C. 2945.67(A). Id. at ¶ 50.

{¶ 34} While *Ross* involved an appeal pursuant to R.C. 2945.67 and this case involves a writ of prohibition, I would hold that the underlying rationale in *Ross* is applicable here. *Ross* and *Bistricky* were premised upon the fundamental principle that double-jeopardy protections preclude retrial of defendants after they have been acquitted. *See Bistricky* at 158. Furthermore, the Supreme Court of the United States has issued clear statements that acquittals cannot be disturbed. "Perhaps the most fundamental rule in the history of double jeopardy jurisprudence has been that '[a] verdict of acquittal * * * could not be reviewed, *on error or otherwise*, without putting [a defendant] twice in jeopardy, and thereby violating the Constitution.' *United States v. Ball*, 163 U.S. 662, 671, 16 S.Ct. 1192, 1195, 41 L.Ed. 300 (1896)." (Emphasis added.) *United States v.*

*Martin Linen Supply Co.* (1977), 430 U.S. 564, 571, 97 S.Ct. 1349, 51 L.Ed.2d 642.

{¶ 35} Indeed, in a case similar to the one before us, the Supreme Court of the United States reversed a court of appeals' judgment granting a writ of mandamus ordering that an acquittal be vacated. *Fong Foo v. United States* (1962), 369 U.S. 141, 143, 82 S.Ct. 671, 7 L.Ed.2d 629. In *Fong Foo*, the government argued, and the Court of Appeals for the First Circuit had agreed, that a writ of mandamus ordering a trial judge to vacate his judgment of acquittal was warranted because the trial court had been without power to direct the judgment of acquittal. Id. at 142. While noting that the First Circuit did have some basis for concluding that the acquittal was based upon an "egregiously erroneous foundation," the Supreme Court held that the acquittal could not be reviewed without violating the Double Jeopardy Clause. Id. at 143.

{¶ 36} These federal decisions support my conclusion that the principles of double jeopardy preclude disturbing the acquittal issued in the underlying case.

## II. Conclusion

{¶ 37} By granting the acquittal in the underlying case, Judge Burge was attempting to correct what he believed was a miscarriage of justice. More than 14 years after the convictions were entered in the underlying case, Judge Burge, after fully reviewing the record, determined that the evidence presented at trial against Smith and her codefendant Allen was insufficient to sustain the separate verdicts and that he had "absolutely no confidence that these verdicts [were] correct." As a result of this conclusion, he granted an acquittal.

{¶ 38} Because I would hold that Judge Burge did not patently and unambiguously lack jurisdiction to act, I respectfully dissent and would grant the motions to reconsider, affirm the court of appeals' judgment, and deny the writ of prohibition.

PFEIFER, J., concurs in the foregoing opinion.

_____

Michael DeWine, Attorney General, Alexandra T. Schimmer, Solicitor General, David M. Lieberman, Deputy Solicitor, and M. Scott Criss, Assistant Attorney General; and Dennis P. Will, Lorain County Prosecuting Attorney, and Billie Jo Belcher, Assistant Prosecuting Attorney, for appellants.

James M. Burge, pro se.

Jack W. Bradley, Brian J. Darling, and Michael E. Stepanik, for intervening respondent-appellee.

Timothy Young, Ohio Public Defender, and E. Kelly Mihocik, Assistant Public Defender, in support of intervening respondent-appellee on behalf of amicus curiae, Ohio Public Defender.

_____