O’Donnell, J.,
concurring in part and dissenting in part.
{¶ 21} I concur in the majority’s decision that the original judgment of conviction entered in this case constituted a final, appealable order, notwithstanding the sentencing court’s failure to specify the “manner of conviction.”
{¶ 22} However, I dissent from the majority’s suggestion that “Crim.R. 32(C) does not require a judgment entry of conviction to recite the manner of conviction as a matter of substance, but it does require the judgment entry of conviction to recite the manner of conviction as a matter of form.” Majority opinion at ¶ 12. The plain language of Crim.R. 32(C) requires only that “[a] judgment of conviction shall set forth the plea, the verdict, or findings, upon which each conviction is based, and the sentence”; it does not direct a sentencing court to specify the manner of conviction.
{¶ 23} Rather, our decision in State v. Baker, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, inadvertently added the requirement to specify the manner of conviction to Crim.R. 32(C). The majority makes an effort to sidestep this problem but unnecessarily complicates and compounds the error introduced in Baker by retaining a duty on the part of the sentencing court to specify the manner of conviction as a formal requirement. In my view, we should strike that part of Baker requiring sentencing courts to indicate the manner of conviction in the judgment of conviction and bring an end to the needless and meaningless litigation that it has spawned, requiring appeals and rehearings all over the state. I therefore respectfully dissent from the majority’s suggestion that the trial court in this case had any duty to correct the judgment of conviction entered in 2006 to indicate the manner of conviction as a matter of form. The court had no such duty.
*312 Crim.R. 32(C)
{¶ 24} Prior to the adoption of Crim.R. 32(C), Ohio jurisprudence required a finding of guilt and a sentence in order for a conviction to be considered a final, appealable order. See State v. Thomas (1964), 175 Ohio St. 563, 26 O.O.2d 253, 197 N.E.2d 197, syllabus; State v. Chamberlain (1964), 177 Ohio St. 104, 106-107, 29 O.O.2d 268, 202 N.E.2d 695.
{¶ 25} In accord with this precedent, the court adopted Crim.R. 32(B) (now (Q), effective July 1, 1973, and as amended, it now provides: “A judgment of conviction shall set forth the plea, the verdict, or findings, upon which each conviction is based, and the sentence. Multiple judgments of conviction may be addressed in one judgment entry. If the defendant is found not guilty or for any other reason is entitled to be discharged, the court shall render judgment accordingly. The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk.” This rule contains plain, unambiguous language and has been easily understood and followed for decades.
{¶ 26} In cases decided after the adoption of this rule, we have continued to recognize that a judgment of conviction is composed of two essential elements: the adjudication of guilt and the sentence. E.g., State v. Poindexter (1988), 36 Ohio St.3d 1, 5, 520 N.E.2d 568 (“ ‘conviction’ includes both the guilt determination and the penalty imposition” [emphasis sic]); State v. Whitfield, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, ¶ 24 (“a ‘conviction’ consists of a guilty verdict and the imposition of a sentence or penalty” [emphasis sic]). Cf. State v. Tuomala, 104 Ohio St.3d 93, 2004-Ohio-6239, 818 N.E.2d 272, ¶ 14-15 (explaining that no judgment of conviction is entered when a defendant is found not guilty by reason of insanity).
{¶ 27} The Crim.R. 32(C) directive that “[a] judgment of conviction shall set forth the plea, the verdict, or findings, upon which each conviction is based, and the sentence” does not require a trial court to specify the “manner of conviction.” Rather, that notion crept into Ohio jurisprudence recently, through Baker, in which we attempted to explain the meaning of that rule.
{¶ 28} For purposes of the finality of a judgment of conviction, however, the manner of conviction is not a requirement; rather, Crim.R. 32(C) requires the judgment of conviction to set forth the plea, the verdict, or findings, upon which each conviction is based — i.e., the fact of conviction — and the sentence. Nothing more.

State v. Baker

{¶ 29} In State v. Baker, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, we declared that “[a] judgment of conviction is a final appealable order under *313 R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court.” Id. at syllabus.
{¶ 30} Explaining that language in Baker, we further stated that “a trial court is required to sign and journalize a document memorializing the sentence and the manner of the conviction: a guilty plea, a no contest plea upon which the court has made a finding of guilt, a finding of guilt based upon a bench trial, or a guilty verdict resulting from a jury trial.” (Emphasis added.) Id. at ¶ 14.
{¶ 31} In an attempt to guide trial judges in their efforts to comply with Crim.R. 32(C), Baker used the phrases “the manner of conviction,” “a finding of guilt based upon a bench trial,” and “a guilty verdict resulting from a jury trial,” which appeared to be additional requirements for the entry of a final order; in fact, setting forth the manner of conviction in a judgment of conviction is not a Crim.R. 32(C) requirement. Baker thus has inadvertently spawned litigation regarding the finality of a judgment of conviction. See, e.g., State v. Mitchell, 187 Ohio App.3d 315, 2010-Ohio-1766, 931 N.E.2d 1157 (holding that a judgment of conviction that does not comply with Baker is not a final, appealable order); State v. Tuggle, Lucas App. No. L-09-1317, 2010-Ohio-4162, 2010 WL 3449245, ¶ 4 (“appellant’s original appeal is a legal nullity, and this appeal following resentencing is appellant’s first appeal as of right”).
{¶ 32} According to the plain language of the rule, sentencing courts do not need to indicate the manner of conviction in a judgment of conviction. Rather, Crim.R. 32(C) requires courts to include the plea, the verdict, or findings, upon which each conviction is based, and the sentence. Today’s opinion seems to recognize this, but nonetheless complicates the problem by adding this manner-of-conviction language to the rule as a matter of form, which is both confusing and unnecessary.
Conclusion
{¶ 33} Accordingly, I concur in the majority’s holding that Crim.R. 32(C) does not require the judgment of conviction to indicate the manner of conviction in order to constitute a final, appealable order. Thus, Lester’s 2006 judgment of conviction is final, and new challenges to it are barred by the doctrine of res judicata.
{¶ 34} Despite holding that specifying the manner of conviction is not a “substantive” requirement of Crim.R. 32(C), the majority nonetheless requires it as a matter of form. In my view, Crim.R. 32(C) imposes no such duty, and to the extent that the majority suggests that courts must engage in the vain act of *314 correcting a judgment of conviction to specify the manner of conviction as a matter of form, I respectfully dissent.
Lundberg Stratton, J., concurs in the foregoing opinion.