OPINION
{¶ 1} Appellant, Bruce A. Schriefer, and appellee, Lynne Schriefer were granted a divorce on January 31, 2003. Appellant now appeals the judgment entry of the Lake County Court of Common Pleas, Domestic Relations Division, challenging the manner in which the court divided the marital property.
 {¶ 2} On June 14, 2001, appellee filed her complaint for divorce. The case was referred to Magistrate Janice Evans and a trial was held on November 12 and 13, 2002. Prior to trial, the parties entered into stipulations regarding child custody and support. The stipulations also resolved the distribution of certain marital property. A primary issue at trial concerned the disposition of certain rental properties owned by the parties, viz., the "Tremont Properties," the "Dallas Property," and the "Euclid Property." Testimony established that, in addition to being marital assets, these properties were appellant's basic source of income.
 {¶ 3} The court ultimately determined, with the parties' assent, that appellee would surrender her interest in the properties if appellant agreed to a buy out. However, because an immediate buy out was not financially feasible, the court set forth a structured buy out plan in its January 31, 2003 judgment entry. Specifically, the court stated:
 {¶ 4} "* * * the husband shall pay to the wife as and for equitable distribution a sum equal to one hundred sixteen thousand, seven hundred fifty-two dollars and eight cents ($116,752.08) with 10% per annum payable in a structured buy-out in seven (7) years from the date of the journalization of the final decree in this case."
 {¶ 5} Although appellant was ostensibly amenable to a structured buy out plan at trial, he now appeals the January 31, 2003 judgment entry claiming the court failed to consider mandatory statutory factors governing the division of property. However, before attending to appellant's argument, we must point out that appellant failed to object on this basis and consequently did not allow the lower court to entertain the claim on which he basis his sole assignment of error. Generally, failure to object to an issue at trial waives that issue on appeal. In the Matter of Brunstetter (Aug. 7, 1998), 11th Dist. No. 97-T-0089, 1998 Ohio App. LEXIS 3635, at 6.
 {¶ 6} Because the case was tried to a magistrate, Civ.R 53 is the operative procedural rule governing the proceedings. With respect to matters referred to a magistrate, Civ.R. 53(E)(3)(b) states:
 {¶ 7} "* * * A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."
 {¶ 8} Civ.R. 53(E) imposes an obligation upon a party to make timely, specific objections in writing to the trial court, identifying any error of fact or law in the magistrate's decision. Therefore, "* * * a party is barred from raising any error on appeal pertaining to a trial court's adoption of any finding of fact or conclusion of law by a magistrate unless that party timely objected to that finding or conclusion as required under the rule." Howard v. Norman's Auto Sales, 10th Dist. No. 02AP-1001, 2003 Ohio 2834, at ¶ 21, citing State ex rel. Booherv. Honda of Am. Mfg., Inc. (2000), 88 Ohio St.3d 52, 53-54; see,Haas v. Haas (Dec. 31, 1997), 11th Dist. No. 96-G-2034, 1997 Ohio App. LEXIS 6038, at 14.
 {¶ 9} Appellant admits that he failed to file objections to the magistrate's decision. However, appellant contends that Civ.R. 53(E)(4)(a) requires the trial court to determine whether there is any error of law on the face of the magistrate's decision before adopting it as its own.
 {¶ 10} Civ.R. 53(E)(4)(a) states: "* * * [t]he court may adopt the magistrate's decision if no written objections are filed unless it determines that there is an error of law or other defect on the face of the magistrate's decision." The rule does not impose a mandatory duty on the trial court to perform a complete review of the proceedings. Rather, "* * * prior to adopting a magistrate's decision, a trial court should conduct a cursory examination and review of the decision for any obvious errors."[1] In re Komlanc, 11th Dist. No. 2002-T-0067, 2003-Ohio-5227, ¶ 9.
 {¶ 11} In the instant case, we conclude that the trial court did not abuse its discretion in adopting the magistrate's decision because there were no apparent or obvious errors on the face of the magistrate's decision. Consequently, because appellant failed to file objections to the magistrate's decision, he has waived any error in accordance with Civ.R. 53(E)(4). However, even if appellant had properly preserved the current issue, as the preceding discussion portends, his argument still lacks merit.
 {¶ 12} In divorce proceedings, the lower court determines what constitutes marital property and what constitutes separate property. After making these determinations, the court divides the marital and separate property equitably between spouses. See, R.C. 3105.171(B). A trial court has considerable discretion in establishing an equitable division of marital property.Middendorf v. Middendorf (1998), 82 Ohio St.3d 397, 401. R.C.3105.171(F) sets forth a list of factors to guide the trial court's discretion. Hightower v. Hightower, 10th Dist. No. 02AP-37, 2002-Ohio-5488, at ¶ 21. A trial court's failure to consider the R.C. 3105.171(F) factors when dividing marital property is an abuse of discretion. Id. An exhaustive recitation of each factor is unnecessary; however, the trial court must consider any factor relevant to the circumstances presented in the underlying case. See, R.C. 3105.171(C)(1); see, also, Gestv. Gest (Nov. 15, 2000), 9th Dist. Nos. 99CA007317 and 99CA007331, 2000 Ohio App. LEXIS 5274, at 5.
 {¶ 13} In his sole assignment of error, appellant contends that the trial court erred in failing to consider the mandatory factors under R.C. 3105.171(F)(5), (6), and (7). Appellant's argument can be summed up accordingly: In making a property division, the court must consider the desirability of retaining property and the costs associated with its sale where a sale is necessary. Moreover, where an order forces a party to dispose of an asset to meet obligations imposed by the court, the tax consequences of the disposal should be considered. The court failed to expressly consider these issues. Therefore, appellant concludes, the trial court abused its discretion. We disagree.
 {¶ 14} R.C. 3105.171(F)(5), (6), and (7) provide:
 {¶ 15} "(F) In making a division of marital property and in determining whether to make and the amount of any distributive award under this section, the court shall consider all of the following factors:
 {¶ 16} "* * *
 {¶ 17} "(5) The economic desirability of retaining intact an asset or an interest in an asset;
 {¶ 18} "(6) The tax consequences of the property division upon the respective awards to be made to each spouse;
 {¶ 19} "(7) The costs of sale, if it is necessary that an asset be sold to effectuate and equitable distribution of property;
 {¶ 20} "* * *."
 {¶ 21} In its judgment entry, the court recognized that the rental properties were appellant's only source of income. In its findings, the court noted: "Husband seeks to preserve his business and ownership of the rental properties, but is concerned about the feasibility of a buy out.[2] Wife suggests a structured by-out [sic] but the parties were unable to agree as to the precise details of the buy-out."
 {¶ 22} In light of these concerns, the court arrived at a decision which allowed appellant to keep the properties while gradually buying out appellee's interest in the properties. To wit, the court's decision permitted appellant to retain, as his sole and exclusive separate property all right, title, and interest in and to the Tremont Properties, the Dallas Properties, and the Euclid Property in exchange for a structured, buyout of appellee's interest in said properties. Pursuant to the order, the structured buyout is to occur over a period of seven years wherein appellant would pay appellee a sum of $116,752.08.
 {¶ 23} In its order, the court balanced the equities and thereby preserved appellee's right to compensation for her interest in the properties. Further, the court's decision permitted appellant to keep the properties and his business intact. In our view, this analysis is sufficient to meet the dictates of R.C. 3105.171(F)(5). Therefore, we conclude the court's judgment entry meaningfully considered the economic desirability of retaining intact an asset or an interest in an asset.
 {¶ 24} Alternatively, appellant is correct in his claim that the lower court failed to consider R.C. 3105.171(F)(6) and (7). However, the court's failure to consider those factors is not dispositive of this issue. As indicated supra, although a court must consider the mandatory factors set forth in R.C.3105.171(F), the requirement only extends to those factors that are relevant to the situation in question. See, Gest, supra. Under the circumstances, it is unclear from the record how the factors enumerated within R.C. 3105.171(F)(6) and (7) are relevant to the current case.
 {¶ 25} Appellant was required to execute mortgage deeds on all three properties and a promissory note in appellee's favor in the amount equal to the sum of the total structured buyout. The mortgages and note were to provide for:
 {¶ 26} "a seven (7) year structured buy-out monthly payment of $1,938.22 with a proviso that in the event the husband is more than sixty (60) days in arrears, the wife will have the right to foreclose on any or all of the mortgages as she may determine appropriate. Said promissory note and the mortgages shall also provide that the husband shall have the right to prepay his obligation to the wife without prepayment penalty."
 {¶ 27} R.C. 3105.171(F)(6) requires a court to consider the tax consequences of the property division on the awards made to each spouse. In Day v. Day (1988), 40 Ohio App.3d 155, the Tenth District Court of Appeals discussed the implications of this subsection:
 {¶ 28} "Tax consequences of property division * * * are proper considerations for the court, so long as those consequences are not speculative. For example, if the award is such that, in effect, it forces a party to dispose of an asset to meet obligations imposed by the court, the tax consequences of that transaction should be considered." Id., at 159.
 {¶ 29} In the current matter, it is evident from the judgment entry that appellant was not forced to dispose of the properties to meet the obligations imposed by the court: Appellant has the option of complying with the structured buy out or not; however, if appellant is delinquent for sixty days, appellee has the option of foreclosing on the properties. Because the foreclosure may never happen, the tax consequences are too speculative to be ascertained at this time.[3] Although taxes and death are said to be certain, the lower court cannot divine what the pertinent tax rates would be when (if ever) appellee exercises her option to foreclose. See Day, supra. Hence, R.C.3105.171(F)(6) and (7) are irrelevant to the distribution of the properties and the structured buy out plan set forth in the court's judgment entry.
 {¶ 30} After reviewing the record, including the judgment entry on which this appeal is predicated, we conclude that the court duly considered the material features of R.C.3105.171(F)(5). Moreover, although the lower court did not consider R.C. 3105.171(F)(6) and (7), these subsections are not relevant to the case sub judice. Consequently, we find no abuse of discretion; appellant's sole assignment of error lacks merit and therefore, the decision of the Lake County Court of Common Pleas is affirmed.
Judgment affirmed.
O'Neill and Grendell, JJ., concur.
[1] This proposition should be read in the context of the Staff Notes for Civ.R. 53(E)(4), which state: "Proposed decisions are effective only when adopted by the court. However, a magistrate's decision to which no objection is made may be adopted unless there is apparent error; the judge is no longer required to conduct an independent review and make a determination himself or herself." Essentially, a judge adopting a magistrate's decision must determine whether apparent errors exist, but need not engage in a complete and independent review of all evidence in the record.
[2] At the hearing, appellant testified: "Well, as far as dividing up the property or doing the structured buyout, I am for something like that. My fear is that I might not be able to meet the court's or the obligation that I have if things continue, you know, financially the way things are going with the one building. I might not be able to do that. On the other hand, if I sell everything, granted she will get a lump sum. I will get a lump sum but, at the same time, after capital gains and taxes and real estate fees and everything like that there is not going to be a lot of money there. Then I won't have a job as well."
[3] Appellee may never foreclose on the properties because appellant's repayment practices dictate whether appellee may exercise her option to foreclose. If appellant remains current with his structured buy-out payments, foreclosure is a non-issue.