[Cite as *Mariotti v. Mariotti*, 2019-Ohio-2284.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**ASHTABULA COUNTY, OHIO**

| | | |
|---|---|---|
| APRIL T. MARIOTTI, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2018-A-0067** |
| PAUL D. MARIOTTI, SR., | : | |
| Defendant-Appellant. | : | |

Appeal from the Ashtabula County Court of Common Pleas, Case No. 2017 DR 0011.

Judgment: Affirmed.

*Virginia K. Miller,* Smith & Miller, 36 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Gary L. Pasqualone,* Curry and Pasqualone, 302 South Broadway, Geneva, OH 44041 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1}   Appellant, Paul D. Mariotti, Sr., appeals from the final judgment of divorce entered by the Ashtabula County Court of Common Pleas. We affirm.

{¶2}   On January 9, 2017, appellee, April T. Mariotti, filed a complaint for divorce and appellant subsequently answered and filed a counterclaim. Ultimately, the parties entered into settlement negotiations. At a final hearing before the magistrate, the parties testified to the terms of the settlement into which they entered. The magistrate filed her decision on April 23, 2018, which indicated the grounds for the

divorce and attached two joint exhibits to the decision, which included various details of the settlement. The magistrate additionally ordered appellee's attorney to prepare a proposed final agreed judgment entry. On June 5, 2018, the trial court entered judgment which ordered both parties to submit respective proposed agreed judgments. Appellee submitted a judgment entry; on June 28, 2018, however, in lieu of drafting a proposed entry, appellant filed an "objection" to appellee's proposed judgment.

{¶3} In his "objection," appellant generally asserted the joint exhibits were merely "illustrative/representative and not definitive lists" of items subject to the settlement agreement. Specifically, appellant complained appellee's proposed judgment referred to a "chainsaw" and a "generator" to which appellee was entitled. Appellant argued there was no reference to these items in the joint exhibits or at the hearing. He further asserted appellee's claimed entitlement to "unredeemed gift certificates, encumbrances, discounts or gifts," was not an aspect of their agreement.

{¶4} On August 17, 2018, the trial court entered judgment on appellant's objection. The court initially noted that appellant failed to file objections directly to the magistrate's decision; the court appeared, however, to treat the objection as an abbreviated proposed judgment entry, i.e., appellant accepted appellee's judgment with the exception of the challenges outlined in the pleading. The court agreed with appellant that there was no reference to a chainsaw or a generator at the hearing. As such, the trial court struck the sentence in the proposed entry relating to these objects. Notwithstanding this removal, the court determined that the reference to the generator and chainsaw was redundant because the proposed entry provided "that each party shall retain the personal property and household goods in their possession at their own

2

place of residence except for the items listed in Exhibits 1 and 2." And the reference to each parties' retention of such property was discussed before the magistrate at the final hearing. The court subsequently adopted appellee's proposed entry which was filed and signed as the final decree of divorce. Appellant appeals the judgment assigning two errors. His first assignment of error provides:

{¶5} "The trial court erred in adopting the proposed judgment entry final decree of divorce submitted by appellee as it does not accurately reflect the terms of the settlement agreement."

{¶6} Appellant argues the proposed final judgment filed by appellee includes the following six provisions that were not submitted to the court at the hearing nor agreed upon by the parties:

{¶7} "1. Defendant shall pay Plaintiff the final two (2) months rent of $1,200 immediately, without deductions.

{¶8} "2. Defendant shall leave the total amounts of any unredeemed gift certificates, encumbrances, promotion discounts or gifts in the metal Massage Andover Bank account and documentation of the unredeemed certificated [sic] provided to Plaintiff.

{¶9} "3. Defendant shall timely and by May 30, 2018 sign any and all forms, approvals or otherwise arrange for all service contracts to be in Plaintiff's control commencing June 30, 2018.

{¶10} "4. Defendant shall provide Plaintiff with all information including passwords to all services and accounts, including naming Plaintiff as the Facebook administrator effective June 30, 2018.

{¶11} "5. Defendant shall transfer to Plaintiff's name and provide Plaintiff with the BMV Specialty Plates before June 30, 2018.

{¶12} "6. Defendant shall arrange for the Square account to be transferred to Plaintiff before June 30, 2018." (See appellant's brief, p. 4).

{¶13} Appellant argues the trial court erred when it permitted these provisions, in alleged violation of the settlement agreement.

{¶14} We initially point out that the dates in provisions three, four, five, and six do not correspond with the dates in the divorce decree to which appellant takes issue. In this respect, appellant's contention fails to properly identify errors in these provisions that specifically relate to the judgment entry at issue. Even were we to ignore this problem, however, appellant was afforded the opportunity to file a proposed judgment entry with the court. He did not do so. Instead, he elected to file an "objection" to appellee's proposed judgment entry. Appellant did not take issue with provisions one, three, four, five, or six in his objection. Specifically, appellant did not object to the requirement that he pay two-months rent arrearage; the requirement that he sign forms and approvals as well as arrange for service contracts to be placed in appellee's control; the requirement that he provide passwords to all services and accounts as well as name appellee the Facebook administrator; the requirement that he transfer specialty license plates; and the requirement that he transfer the Square account to appellee. Because he could have challenged these points before the trial court, and elected not to do so, we conclude he has waived the challenges on appeal. *See e.g. Schriefer v. Schriefer*, 11th Dist. Lake No. 2003-L-040, 2004-Ohio-2206, ¶5 ("Generally, failure to object to an issue at trial waives that issue on appeal.")

4

**{¶15}** Despite appellant's failure to object, we point out that each item, with the exception of the rent arrearage, is referenced in Exhibits 1 and/or 2. And, regarding the arrearage, the record includes a decision from January 10, 2017 in which the magistrate ordered appellant to pay certain rent at a rate of $600 per month. According to appellee, the $1,200 arrearage relates to this order. It does not appear appellant objected to the order when it was entered or otherwise sought to modify the same. And, because he did not challenge the alleged arrearage below, there is nothing in the record to support a conclusion that its inclusion in the final decree was improper. Appellant's challenge to provisions one, three, four, five, and six are, therefore, not well taken.

**{¶16}** Appellant, however, did ostensibly object to provision two. With respect to provision two, the trial court found that there was no deviation between the proposed judgment and the parties' agreement. And the record of proceedings indicates the Andover Bank account, which is associated with the business, which the parties agree appellee would take over, would be signed over to appellee. And, the parties noted on record that, as of June 30, 2018, appellant would be entitled to the money in that account, *minus* $32,000 and "any gift receipts or gift cards outstanding as of that date." This statement directly indicates that appellee would be the account holder and she would also receive any outstanding (or unredeemed) gift receipts or gift cards. Although these general statements do not specifically capture each of the points set forth in provision two, the trial court was not unreasonable to conclude the parties' agreement contemplated the specifics set forth in provision two.

**{¶17}** Appellant's first assignment of error lacks merit.

**{¶18}** Appellant's second assignment of error provides:

5

{¶19} "The trial court erred by failing to ensure specificity in the decree and the exhibits attached to the decree."

{¶20} Appellant next contends the final judgment is voidable because it is insufficiently specific. Appellant maintains there are various provisions in the final decree that were never presented to the court at the final hearing. As a result, he claims it is "flawed," "irregular," and thus unenforceable. We do not agree.

{¶21} First of all, appellant fails to set forth the provisions that he finds "flawed" and "irregular." Even if we were to assume he is referring to the outstanding provisions set forth under his first assignment of error, we have already concluded he has waived any challenges to those points on appeal. Furthermore, if these additional provisions are the basis of appellant's argument, their inclusion would not create a lack of specificity. To the contrary, their inclusion would presumably enhance the specificity. Regardless of the structural incongruity of his argument, appellant has failed to specifically identify the alleged irregularities and his assignment of error therefore lacks merit.

{¶22} Appellant's second assignment of error lacks merit.

{¶23} A final point requires attention. Appellee, in her brief, requests this court to issue an order finding appellant's conduct, in filing the instant appeal, frivolous. Appellee also requests this court to enter an order requiring appellant to pay her reasonable attorney fees and costs. We decline to address these requests in the instant opinion as we have no evidence of appellee's fees and thus cannot make a determination as to their reasonableness. Appellee may file an independent motion on the issue of frivolous conduct as well as evidence of her fees and their reasonableness.

6

In turn, appellant may respond in defense of appellee's allegations.  Until such motion is filed, however, we shall not consider the merit of the allegation of frivolous conduct.

{¶24}  For the reasons discussed in this opinion, the Ashtabula County Court of Common Pleas is affirmed.


MATT LYNCH, J.,

MARY JANE TRAPP, J.,

concur.