[Cite as *Kaydo v. Kaydo*, 2022-Ohio-4055.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

KAREN R. KAYDO,

        Plaintiff-Appellee,

- vs -

MARK D. KAYDO,

        Defendant-Appellant.

**CASE NO. 2022-L-021**

Civil Appeal from the
Court of Common Pleas,
Domestic Relations Division

Trial Court No. 2016 DR 000350

## **O P I N I O N**

Decided: November 14, 2022
Judgment: Affirmed

*Elaine Tassi*, P.O. Box 385, Willoughby, OH 44096 (For Plaintiff-Appellee).

*Kenneth J. Cahill*, Dworken & Bernstein Co., LPA, 60 South Park Place, Painesville, OH 44077 (For Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1} Defendant-appellant, Mark D. Kaydo ("Mr. Kaydo"), appeals from the judgment entry of the Lake County Court of Common Pleas, Domestic Relations Division, granting a divorce to Mr. Kaydo and his former spouse, plaintiff-appellee Karen R. Kaydo ("Ms. Kaydo").

{¶2} Mr. Kaydo asserts four assignments of error, contending that the trial court erred (1) by granting Ms. Kaydo a divorce because she was not an Ohio resident for six months immediately preceding the filing of her complaint; (2) by increasing Mr. Kaydo's financial obligations in the judgment entry of divorce by the sum of $36,567.05; (3) by

determining that a 1968 Chevrolet Chevelle was marital rather than separate property; and (4) by granting the parties' Ohio residence to Ms. Kaydo or, alternatively, by failing to order that it be immediately sold.

{¶3} After a careful review of the record and pertinent law, we find as follows:

{¶4} (1) The factual allegations in Ms. Kaydo's complaint were sufficient to confer subject matter jurisdiction on the trial court. Ms. Kaydo specifically alleged that she had been a bona fide Ohio resident for more than six months immediately preceding her filing. By withdrawing his motion to dismiss and by failing to file an answer, Mr. Kaydo effectively admitted these factual allegations.

{¶5} (2) Mr. Kaydo waived his challenges to the financial obligations imposed in the judgment entry of divorce by failing to object to the proposed entry in accordance with the trial court's local rules. Even if the plain error doctrine applied, the amounts to which Mr. Kaydo now objects are reflected in the magistrate's decision and were not modified.

{¶6} (3) The trial court's finding that the Chevelle was marital rather than separate property is not against the manifest weight of the evidence. Competent, credible evidence presented at trial supports its determination.

{¶7} (4) Mr. Kaydo has not established reversible error in relation to the Ohio residence. Mr. Kaydo did not raise his argument as an objection to the magistrate's decision, and he has not asserted a plain error claim on appeal.

{¶8} Thus, we affirm the judgment of the Lake County Court of Common Pleas, Domestic Relations Division.

2

**Substantive and Procedural History**

{¶9} Mr. Kaydo and Ms. Kaydo were married in 1991. Three children were born as issue of the marriage in, respectively, 1994, 1997, and 2001. The parties resided in Concord, Ohio.

{¶10} In July 2014, Mr. Kaydo moved to Pensacola, Florida, for employment purposes and rented a house. In May 2015, Ms. Kaydo listed the Ohio residence for sale, acting as the listing agent. Ms. Kaydo quit her employment, and she and the children moved to Florida with Mr. Kaydo in August 2015. The parties subsequently purchased a residence in Florida.

{¶11} In mid-December 2015, Ms. Kaydo and the younger children traveled to Ohio for Christmas break. They returned to Florida two weeks later. On January 18, 2016, Ms. Kaydo sent Mr. Kaydo a text message stating that she was leaving the marriage. She and the younger children moved to the Ohio residence, and the children enrolled in school. The oldest child stayed in Florida with Mr. Kaydo.

{¶12} On June 16, 2016, Ms. Kaydo, through counsel, filed a complaint for divorce in the Lake County Court of Common Pleas, Domestic Relations Division. Ms. Kaydo alleged that she had been a bona fide Ohio resident for more than six months immediately preceding the filing of her complaint. At the time of filing, only one of the parties' children was a minor.

{¶13} In July 2016, Mr. Kaydo, through counsel, filed a limited appearance and a motion to dismiss for lack of subject matter jurisdiction. Mr. Kaydo contended that Ms. Kaydo was not an Ohio resident for at least six months prior to filing her complaint

3

pursuant to R.C. 3105.03. Rather, he asserted that Ms. Kaydo did not establish Ohio residency until January 2016.

{¶14} Ms. Kaydo filed a response in opposition to Mr. Kaydo's motion and attached an affidavit. She averred that she decided in early December 2015 that she and the minor child would move back to Ohio and make the Ohio residence their primary and permanent residence; that when she travelled to Ohio for Christmas break, she immediately took the Ohio residence off the market and began looking for employment; and that after Christmas break, she and the minor child returned to Florida only to obtain their possessions and wrap up their affairs.

{¶15} The trial court filed a judgment entry granting Mr. Kaydo's motion and dismissed Ms. Kaydo's complaint. Shortly thereafter, the trial court, sua sponte, filed a judgment entry stating that its dismissal entry "was filed in error." The trial court vacated the dismissal entry and returned the case to the magistrate's docket.

{¶16} Mr. Kaydo filed a motion for reconsideration and attached an affidavit. He averred, in relevant part, that he was notified in December 2015 that the Ohio residence was taken off the market and that Ms. Kaydo initially denied doing so but then informed him she did so for "strategic purposes" and intended to sell it. The trial court never expressly addressed Mr. Kaydo's motion for reconsideration.

{¶17} In May 2017, the magistrate filed an order following a pretrial hearing. The order stated that Mr. Kaydo withdrew his motion to dismiss but intended to use Ms. Kaydo's affidavit to impeach her credibility at trial. Ms. Kaydo agreed to Mr. Kaydo utilizing her affidavit for impeachment purposes "[s]o long as the jurisdictional issue is settled." Mr. Kaydo never filed an answer to Ms. Kaydo's complaint.

4

{¶18} The matter was ultimately tried before the magistrate over several days in August, October, and December 2017 and in May 2018. On December 26, 2019, the magistrate filed an 83-page decision setting forth findings of fact and conclusions of law.

{¶19} Relevant to this appeal, the magistrate noted that Mr. Kaydo had previously withdrawn his motion to dismiss. It found that Ms. Kaydo had been an Ohio resident for at least six months immediately preceding the filing of her complaint and determined that the trial court had jurisdiction. In dividing property and allocating debt, the magistrate determined that Mr. Kaydo should be required to pay certain sums to Ms. Kaydo; that a 1968 Chevrolet Chevelle was marital property rather than an inter vivos gift from Ms. Kaydo; and that Ms. Kaydo should be awarded the Ohio residence.

{¶20} Both parties filed preliminary and supplemental objections to the magistrate's decision. On December 20, 2021, the trial court filed a judgment entry overruling all but one of Mr. Kaydo's objections. The trial court sustained Mr. Kaydo's objection relating to the equity in the Ohio residence, finding that the magistrate had omitted a provision in her decision regarding that issue.

{¶21} The trial court overruled in part and sustained in part Ms. Kaydo's objections. The trial court ordered Ms. Kaydo's counsel to prepare and circulate a proposed judgment entry "in conformity with the parties' partial agreement, the Magistrate's Decision, and the modifications to the Magistrate's Decision ordered herein."

{¶22} Thereafter, Ms. Kaydo's counsel circulated the proposed entry to Mr. Kaydo's counsel in accordance with the trial court's local rules. Mr. Kaydo moved for an extension of time for the submission of the proposed entry, which the magistrate granted.

5

Mr. Kaydo did not file objections to the proposed entry. On February 28, 2022, the trial court filed the judgment entry of divorce.

{¶23} Mr. Kaydo appealed and presents the following four assignments of error:

{¶24} "[1.] The Trial Court committed prejudicial error by granting Appellee a divorce when neither of the parties had been residents of the State of Ohio for six months immediately preceding the filing of the Complaint for Divorce.

{¶25} "[2.] The Trial Court committed prejudicial and plain error when it filed on February 28, 2022 Appellee's proposed entry which increased Appellant's financial obligation by $36,567.05.

{¶26} "[3.] The Trial Court committed prejudicial error denying Appellant's separate interest in the 1968 Chevrolet Chevelle.

{¶27} "[4.] The trial court committed prejudicial error granting Appellee the marital residence without considering whether Appellant should be granted the marital residence, or in the alternative, requiring the marital residence to be sold immediately."

## Subject Matter Jurisdiction

{¶28} In his first assignment of error, Mr. Kaydo contends that the trial court erred in granting Ms. Kaydo a divorce because she was not an Ohio resident for six months immediately preceding the filing of her complaint.

{¶29} R.C. 3105.03 provides, in pertinent part, that "[t]he plaintiff in actions for divorce and annulment shall have been a resident of the state at least six months immediately before filing the complaint." According to the Supreme Court of Ohio, "R.C. 3105.03 creates a strict test of residency * * *." *Barth v. Barth*, 113 Ohio St.3d 27, 2007-Ohio-973, 862 N.E.2d 496, paragraph one of the syllabus. "'The word "resident" [as used

6

in R.C. 3105.03] means one who possesses a domiciliary residence, a residence accompanied by an *intention* to make the state of Ohio a permanent home.'" (Emphasis sic.) *Id.* at ¶ 12, quoting *Coleman v. Coleman*, 32 Ohio St.2d 155, 162, 291 N.E.2d 530 (1972).

{¶30} The Supreme Court of Ohio has characterized the residency requirement as jurisdictional. *See Coleman* at 160 (stating that Ohio lacks "jurisdiction to prescribe or enforce marriage laws for nonresidents"). "Because subject-matter jurisdiction goes to the power of the court to adjudicate the merits of a case, it can never be waived and may be challenged at any time." *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 11. Generally, whether a trial court possesses subject matter jurisdiction is a question of law that we review de novo. *See State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, 121 N.E.3d 351, ¶ 24. The relevant inquiry is whether "any cause of action cognizable by the forum has been raised in the complaint." *State ex rel. Bush v. Spurlock*, 42 Ohio St.3d 77, 80, 537 N.E.2d 641 (1989).

{¶31} We conclude that the factual allegations in Ms. Kaydo's complaint were sufficient to confer subject matter jurisdiction on the trial court. This court has stated that "[t]he petition for divorce should allege a claim of residency in this state for the minimum required time for jurisdictional purposes." *Haylett v. Haylett*, 11th Dist. Portage No. 88 P 2019, 1989 WL 56367, *1 (May 26, 1989). Here, Ms. Kaydo specifically alleged in her complaint that she had been a bona fide Ohio resident for more than six months immediately preceding her filing.

{¶32} Although Mr. Kaydo filed a motion to dismiss disputing the starting point of Ms. Kaydo's Ohio residency, he subsequently withdrew his motion and never filed an

7

answer to Ms. Kaydo's complaint. The Supreme Court of Ohio has held that "although adverse parties may not confer jurisdiction upon a court by mutual consent, where none would otherwise exist, they may stipulate the truth of facts that are sufficient to confer jurisdiction." *Beatrice Foods Co. v. Porterfield*, 30 Ohio St.2d 50, 282 N.E.2d 355 (1972), paragraph two of the syllabus. Thus, "a party may not challenge the jurisdiction of the court when such jurisdiction is based upon previously uncontested or admitted facts." *Weightman v. Weightman*, 10th Dist. Franklin No. 98AP-1021, 1999 WL 354405, *2 (May 13, 1999); *see Sturgill v. Sturgill*, 61 Ohio App.3d 94, 101, 572 N.E.2d 178 (2d Dist.1989) (the record may show jurisdiction "by allegation or admission of the parties as to jurisdictional facts").

{¶33} In addition, Civ.R. 8(D) provides that "[a]verments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading." Courts have applied Civ.R 8(D) to factual allegations when the responding party failed to file an answer. *PNC Bank v. Kereszturi*, 11th Dist. Trumbull No. 2014-T-0062, 2015-Ohio-957, ¶ 17; *see, e.g., Wells Fargo Bank, N.A. v. Reaves*, 12th Dist. Clermont No. CA2014-01-015, 2014-Ohio-3556, ¶ 13.

{¶34} Because Mr. Kaydo withdrew his motion to dismiss, Ms. Kaydo's factual allegations regarding the length of her Ohio residency became uncontested. *See Lucas, Prendergast Albright, Gibson & Newman v. Zschach*, 10th Dist. Franklin No. 95APE12-1663, 1996 WL 517615, *13 (Sept. 12, 1996) ("[H]aving withdrawn their motion [to dismiss for lack of subject matter jurisdiction], defendants cannot now claim that the trial court erred in overruling the motion.") By failing to file an answer, Mr. Kaydo effectively

8

admitted them. *See Weightman* at *3 (holding that "appellee admitted the factual allegations that conferred subject matter jurisdiction over the divorce decree" by failing to file an answer). Accordingly, the judgment entry of divorce is not void for lack of subject matter jurisdiction.

**{¶35}** Mr. Kaydo's first assignment of error is without merit.

### Financial Obligations

**{¶36}** In his second assignment of error, Mr. Kaydo contends that the judgment entry of divorce improperly increased his financial obligations by $36,567.05. Specifically, Mr. Kaydo objects to orders that required him to pay $21,000, $219.55, and $337.50. He also contends that his obligation to pay $17,511.67 was improperly increased to $32,521.67, constituting an excess of $15,010. According to Mr. Kaydo, the increased obligations conflict with the trial court's December 2021 judgment entry.

**{¶37}** Mr. Kaydo could have raised these issues below pursuant to Loc.R. 18.01(A)(2), which states that "[a] party rejecting a judgment entry shall file * * * [a] written statement of objections, within five business days of receiving the judgment entry" and "[a] proposed judgment entry, in compliance with the judgment entry ordered by the Court." The rule further provides that "[a] party's failure to timely reject a judgment entry shall constitute a waiver of objections and result in the original judgment entry's adoption by the Court." Because Mr. Kaydo failed to object to the proposed entry, he has waived his challenges on appeal. *See Mariotti v. Mariotti*, 11th Dist. Ashtabula No. 2018-A-0067, 2019-Ohio-2284, ¶ 14.

**{¶38}** Although Mr. Kaydo purports to assert a claim of plain error on appeal, the Supreme Court of Ohio has held that "in appeals of civil cases, the plain error doctrine is

not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 122-123, 679 N.E.2d 1099 (1997). We cannot say the entry's alleged inaccuracies satisfy this high burden.

{¶39} Even if the plain error doctrine applied, however, we find no errors in the judgment entry of divorce. Mr. Kaydo's argument is based on the trial court's December 2021 entry disposing of the parties' objections to the magistrate's decision. However, this entry was not meant to be comprehensive. As stated, the trial court ordered Ms. Kaydo's counsel to prepare and circulate a proposed final entry "in conformity with the parties' partial agreement, *the Magistrate's Decision*, and the modifications to the Magistrate's Decision ordered herein." (Emphasis added.) The amounts to which Mr. Kaydo now objects are reflected in the magistrate's decision and were not modified.

{¶40} Specifically, the magistrate expressly determined that Mr. Kaydo owed Ms. Kaydo $21,000 for improper payments to his mother and $219.55 for the minor child's uncovered medical expenses. The magistrate also determined that Mr. Kaydo was responsible for one half of appraisal and valuation costs totaling $675, which equates to $337.50. Finally, the magistrate determined that the parties should equally divide the net proceeds of an IRA totaling $35,023.34 and that Mr. Kaydo should bear the tax obligation. The magistrate's decision indicates that $15,010 was withheld from the proceeds for income taxes. Therefore, Mr. Kaydo's payment obligation equates to $32,521.67 (i.e., the sum of $17,511.67 and $15,010).

Case No. 2022-L-021

**{¶41}** Accordingly, Mr. Kaydo cannot establish reversible error.

**{¶42}** Mr. Kaydo's second assignment of error is without merit.

### Chevrolet Chevelle

**{¶43}** In his third assignment of error, Mr. Kaydo contends that the trial court erred by determining that the Chevrolet Chevelle was marital rather than separate property.

**{¶44}** A trial court's determination that property is either marital or separate is reviewed under the manifest-weight-of-the-evidence standard of review. *Smith v. Emery-Smith*, 190 Ohio App.3d 335, 2010-Ohio-5302, 941 N.E.2d 1233, ¶ 22 (11th Dist.). Under this standard, the judgment of the trial court will not be reversed if the court's decision is supported by some competent, credible evidence. *Id.*

**{¶45}** R.C. 3105.171(B) requires the trial court to determine what constitutes marital property and separate property and to divide both equitably between the spouses. "Marital property" means "[a]ll real and personal property that currently is owned by either or both of the spouses * * * and that was acquired by either or both of the spouses during the marriage." R.C. 3105.171(A)(3)(a)(i). "'Marital property' does not include any separate property." R.C. 3105.171(A)(3)(b). "Separate property" includes "[a]ny gift of any real or personal property * * * that is made after the date of the marriage and that is proven by clear and convincing evidence to have been given to only one spouse." R.C. 3105.171(A)(6)(a)(vii).

**{¶46}** An inter vivos gift is an immediate, voluntary, gratuitous, and irrevocable transfer of property by a competent donor to another. *Smith* at ¶ 27. The essential elements of an inter vivos gift are (1) the intent of the donor to make an immediate gift;

11

(2) delivery of the property to the donee; and (3) acceptance of the gift by the donee. *Id.* at ¶ 27-28.

**{¶47}** At trial, Mr. Kaydo testified that Ms. Kaydo gave him the Chevelle as a graduation gift for earning his MBA. Mr. Kaydo's brother and sister-in-law testified that Ms. Kaydo made statements to this effect. By contrast, Ms. Kaydo testified that she assented to Mr. Kaydo's purchase of the car using marital funds but denied that she intended it to be a gift. She acknowledged making statements indicating that she bought Mr. Kaydo a car for graduation, but she asserted the statements were intended as a joke among family. The magistrate concluded that Mr. Kaydo did not prove donative intent. The magistrate found that the brother's and sister-in-law's testimony was "not in any way, shape or form, credible" and cited evidence demonstrating that Ms. Kaydo was not part of the transaction to procure the car "in any manner."

**{¶48}** The Supreme Court of Ohio has held that "the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." *State v. DeHas*s, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus. Based on our review of the record, we see no compelling reason to disturb the magistrate's weight and credibility determinations. Accordingly, the trial court's finding that the Chevelle was marital property is not against the manifest weight of the evidence.

**{¶49}** Mr. Kaydo's third assignment of error is without merit.

### Ohio Residence

**{¶50}** Finally, in his fourth assignment of error, Mr. Kaydo contends that the trial court erred by granting the Ohio residence to Ms. Kaydo or, alternatively, by failing to order that it be immediately sold.

12

Case No. 2022-L-021

{¶51} Mr. Kaydo did not raise this argument in his objections to the magistrate's decision. "An objection to a magistrate's decision shall be specific and state with particularity all grounds for objection." Civ.R. 53(D)(3)(b)(ii). "Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law * * *, unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)." Civ.R. 53(D)(3)(b)(iv). Thus, Mr. Kaydo has waived all but plain error.

{¶52} Mr. Kaydo does not assert a claim of plain error in his fourth assignment of error. "Where the appellant in a civil case does not properly invoke the plain-error doctrine, it cannot meet its burden on appeal and [a reviewing court] will not sua sponte undertake a plain-error analysis on its behalf." *Cable Busters, LLC v. Mosley*, 1st Dist. Hamilton No. C-190364, 2020-Ohio-3442, ¶ 8; *see State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 19 (noting that "appellate courts do not sit as self-directed boards of legal inquiry and research * * *").

{¶53} Mr. Kaydo's fourth assignment of error is without merit.

{¶54} For the foregoing reasons, the judgment of the Lake County Court of Common Pleas, Domestic Relations Division, is affirmed.


THOMAS R. WRIGHT, P.J.,

MATT LYNCH, J.,

concur.