Beatrice Foods Co., d. b. a. Meadow Gold Dairies, Appellant, *v.* Porterfield, Tax Commr., Appellee.

[Cite as Beatrice Foods Co. v. Porterfield (1972), 30 Ohio St. 2d 50.]

(No. 71-480—Decided May 3, 1972.)

52

*Messrs. Hirschtritt & Hirschtritt, Messrs. George, Greek, King, McMahon & McConnaughey* and *Mr. Kiehner Johnson,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. Dwight C. Pattay, Jr.,* for appellee.

BROWN, J. Section 3(B)(2), Article IV of the Ohio Constitution provides that Courts of Appeals have appellate jurisdiction as may be provided by law, to review final orders or actions of administrative officers or agencies. The jurisdiction of appeals from the Board of Tax Appeals and the procedure for such appeals, as applicable to the present matter, are contained in R. C. 5717.04, which provides:

"The proceeding to obtain a reversal, vacation, or modification of a decision of the Board of Tax Appeals shall be by appeal to the Supreme Court or the Court of Appeals for the county in which the property taxed is situate or in which the taxpayer resides. *If the taxpayer is a corporation, then the proceeding to obtain such reversal, vacation, or modification shall be by appeal to the Supreme Court or to the Court of Appeals for the county in which the property taxed is situate, or the county of residence of the agent for service of process, tax notices, or demands, or the county in which the corporation has its place of business* * * * [Emphasis supplied.]

"* * * Such appeals shall be taken * * * by the filing by appellant of a notice of appeal with the court to which appeal is taken and the board. Such notice of appeal shall set forth the decision of the board appealed from and the errors therein complained of * * *."

The notice of appeal filed pursuant to R. C. 5717.04, *supra,* states:

"The appellant, Beatrice Foods Company, with its principal offices at Cincinnati, Hamilton County, Ohio, and the same being the county of residence of its agent for service of process, tax notices and demands, hereby gives notice of appeal from the order of the Board of Tax Appeals in the Department of Taxation of the state of Ohio made under date of August 28, 1970 which order affirmed a sales tax assessment against appellant as previously confirmed by the Tax Commissioner of Ohio as such matter appears on the records of the said Board of Tax Appeals to the First District Court of Appeals, Hamilton County, Ohio * * *."

The Court of Appeals found that "examination of the record of testimony upon the hearing conducted by the Board of Tax Appeals, and the exhibits attached thereto, and the entry and decision of that board, fails to disclose substantiation of the assertions and notice of appeal that Beatrice Foods Company has its principal offices within Hamilton County and that such county is the place of residence of its agent for service of process, tax notices and demands."

The issue before this court is whether the Court of Appeals acted properly in confining its examination of evidence supporting jurisdiction solely to the certified record of testimony,* the exhibits attached thereto, and the entry and decision of the board below. Appellant contends, as a proposition of law with which we agree, that pursuant to R. C. 5717.04, the Court of Appeals may determine its jurisdiction of a corporation's appeal from the certified transcript of the record of proceedings before the Board of Tax Appeals, or from such other evidence as may be adduced by the parties to such appeal at the time objection is made to the court's jurisdiction.

---

*Since the jurisdiction of the Board of Tax Appeals, before which the record was taken, was in no way dependent on the location of the principal place of business of the appellant or on the county of residence of its statutory agent, there was no reason to place such information in "the record" made before the board.

The function of the notice of appeal from the Board of Tax Appeals is twofold: (1) To notify the Court of Appeals of the decision of the board and the errors therein complained of, and (2) to set forth sufficient facts establishing the jurisdiction of the particular Court of Appeals. With regard to the latter, the appellant in its notice of appeal did set forth sufficient facts, if true, to establish the subject matter jurisdiction of its appeal to the Court of Appeals for Hamilton County pursuant to R. C. 5717.-04. Accordingly, any question as to the court's jurisdiction in the present case must be confined to a determination of the truth of the facts set forth in the notice of appeal. Such factual determination need not be limited to the record certified, and may be adduced by an examination of all the evidence available to the Court of Appeals at the time of objection to its jurisdiction.

After argument and submission of the cause to the Court of Appeals, and after having been notified of the jurisdictional question raised by that court, counsel filed a joint stipulation verifying the jurisdictional facts set forth in the notice of appeal. While we agree with the Court of Appeals that parties may not confer jurisdiction solely by mutual consent, we believe that they may stipulate *facts* contained in the notice of appeal that are sufficient to confer jurisdiction. In the present case, the stipulation removes from the court's consideration any question or controversy concerning the jurisdictional statement contained in the notice of appeal.

The notice of appeal setting forth on its face sufficient jurisdictional requirements enumerated in R. C. 5717.04, and the facts therein presented being stipulated by the parties involved, the judgment of the Court of Appeals is reversed, and this cause is remanded to that court for consideration of the cause on the merits.

*Judgment reversed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, CORRIGAN, STERN and LEACH, JJ., concur.