[Cite as *Mullinix v. Mullinix*, 2023-Ohio-1053.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Logan E. Mullinix, | : | |
| Plaintiff-Appellee, | : | No. 22AP-491 |
| | | (C.P.C. No. 17DR-0399) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Pamela R. Mullinix, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on March 30, 2023

**On brief:** *Logan E. Mullinix*, pro se.

**On brief:** *Marc Fagin*, for appellant.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

BOGGS, J.

{¶ 1} Defendant-appellant, Pamela R. Mullinix, appeals the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, which denied her post-decree motion to dismiss, amended motion to dismiss, and motion for summary judgment in this divorce proceeding. For the following reasons, we affirm the trial court's judgment.

## I. FACTS AND PROCEDURAL BACKGROUND

{¶ 2} Pamela and plaintiff-appellee, Logan E. Mullinix, were married in September 1988. Logan initiated this action by filing a complaint for divorce in February 2017. In his complaint, Logan identified his address as 7376 Tumblebrook Drive in New Albany, Ohio. He alleged that he had been an Ohio resident for more than six months immediately preceding the filing of his complaint and had been a resident of Franklin County for more than 90 days immediately preceding the filing of his complaint. In her answer, Pamela

admitted Logan's factual allegations about his residence.  With her answer, Pamela also filed a counterclaim for divorce in which she alleged that she had been an Ohio resident for at least the immediately preceding six months.

**{¶ 3}**   On May 11, 2018, the matter came before the trial court on both Logan's complaint and Pamela's counterclaim for divorce, and the trial court filed an Agreed Entry and Decree of Divorce ("agreed entry"), signed by both parties and their attorneys.  The agreed entry states that "[b]oth parties were residents of Ohio for more than six months * * * immediately preceding the filing of the complaint," that the court "has jurisdiction to determine all of the issues raised by the pleadings," and that the parties had stipulated that venue was proper in Franklin County.  (May 11, 2018 Agreed Entry & Decree of Divorce at 1.)  The agreed entry awards a judgment of divorce to both Logan and Pamela.  Neither party appealed the judgment.

**{¶ 4}**   Since the filing of the agreed entry in May 2018, this matter has come before the trial court on numerous motions, including motions for contempt, to compel discovery, for protective orders, and for attorney fees.  Pamela has also attempted on multiple occasions to have the agreed entry set aside and/or to have the entire case dismissed.  The trial court aptly characterized the litigation as "tumultuous."  (July 11, 2022 Decision & Jgmt. Entry at 1.)

**{¶ 5}**   Pamela first attempted to have the agreed entry set aside in May 2019 by filing a Civ.R. 60(B) motion for relief from judgment.  Pamela argued that Logan had repeatedly failed to meet his obligation under the agreed entry to pay the mortgage on the marital home, that Logan had misrepresented the value of his personal property, and that based on the purportedly false assumption that she received a greater proportion of the marital property, she should have been entitled to spousal support.  Following Pamela's presentation of evidence at a hearing on her Civ.R. 60(B) motion, the trial court granted Logan's oral motion to dismiss the motion.  This court affirmed the trial court's judgment in *Mullinix v. Mullinix*, 10th Dist. No. 21AP-206, 2022-Ohio-3398.

**{¶ 6}**   In December 2021, Pamela again asked the trial court to set aside the agreed entry, this time by filing a motion to dismiss, pursuant to Civ.R. 12(B)(1) and (3).  There, for the first time, Pamela argued that the trial court lacked subject-matter jurisdiction over this action.  Contrary to her admission in her answer and to the stipulation in the agreed

entry, Pamela argued that Logan had not been a resident of Ohio for at least six months immediately preceding the filing of his complaint, as required by R.C. 3105.03.[1]  She claimed that Logan left the marital residence in New Albany at the end of August 2016, moved to Tennessee, and never returned.  She also alleged that Logan obtained a Tennessee driver's license in December 2016, purportedly based on a declaration of residency in that state.  To preemptively discredit anticipated defenses, Pamela argued that res judicata, waiver, and estoppel are inapplicable because the trial court did not "factually determine[] the prerequisites for either jurisdiction or venue in the first place."  (Dec. 6, 2021 Mot. to Dismiss at 3.)

{¶ 7}  Pamela filed an amended motion to dismiss in May 2022.  The amended motion incorporated by reference the original motion to dismiss, but it also included an additional claim for attorney fees that Pamela had incurred from the inception of this case.

{¶ 8}  In February 2022, Pamela filed a motion for summary judgment "on her Motion to Dismiss," again arguing that the trial court lacked subject-matter jurisdiction over the divorce action.  (Feb. 17, 2022 Mot. for Summ. Jgmt. at 1.)  Although the motion for summary judgment restated the legal arguments raised in her motion to dismiss, Pamela supported her motion for summary judgment with additional evidence—including Logan's deposition testimony, Logan's Tennessee driver's license, and Logan's Tennessee Business Tax License—to bolster her claim that Logan has been a resident of Tennessee since late 2016.  As a result of the claimed lack of jurisdiction, Pamela argued that the divorce action was void ab initio.

{¶ 9}  The trial court denied Pamela's motion to dismiss, amended motion to dismiss, and motion for summary judgment.  It first held that Pamela's motions were procedurally improper because motions to dismiss pursuant to Civ.R. 12 and for summary judgment pursuant to Civ.R. 56 are motions for *pretrial* remedies that cannot be granted post-judgment.  Nevertheless, the court went on to consider and to reject the merits of Pamela's jurisdictional argument as if she had raised it in a motion to vacate the court's judgment.  After noting its statutory jurisdiction over divorce actions generally, pursuant to R.C. 3105.011, the court stated, "According to the record, affidavits filed, admission from

---

[1] She likewise contended that venue was improper in Franklin County under Civ.R. 3(C)(9), because Logan had not been a resident of the county for 90 days immediately prior to filing for divorce.

[Pamela], stipulations, and representations made to this Court at the time of the *Agreed Decree* the parties were both residents in the state of Ohio at least six months prior to filing the *Complaint*." (Emphasis sic.) (July 11, 2022 Decision & Jgmt. Entry at 5.) It went on to state that, even if Logan was not a resident of the state immediately preceding the filing of his complaint, Pamela was an Ohio resident and properly invoked the court's jurisdiction by filing her counterclaim. *Id.* Accordingly, the court concluded that it had jurisdiction to grant the parties a divorce.

{¶ 10} Pamela has appealed the trial court's judgment. In her single assignment of error, she states that the trial court erred by denying her motion to dismiss, amended motion to dismiss, and motion for summary judgment.

## II. ANALYSIS

{¶ 11} Pamela raises numerous issues under her assignment of error, but the crux of her argument is that pursuant to R.C. 3105.03, the trial court lacked subject-matter jurisdiction because Logan was not an Ohio resident for six months immediately preceding the filing of his complaint.

### A. Final Appealable Order

{¶ 12} Before turning to the question of the trial court's jurisdiction, we first consider our own. Ohio's courts of appeals have jurisdiction "to review and affirm, modify, or reverse judgments or final orders." Article IV, Section 3(B)(2), Ohio Constitution. R.C. 2505.02(B) defines "final order" as including "[a]n order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment." R.C. 2505.02(B)(2).

{¶ 13} If an appeal is taken from an order that is not a final appealable order, the appellate court lacks jurisdiction and must dismiss the appeal. *In re D.P.*, 10th Dist. No. 06AP-179, 2006-Ohio-5098, ¶ 6. Even if neither party raises a jurisdictional question, we must sua sponte dismiss an appeal if it is not taken from a final appealable order or judgment. *See Whitaker-Merrell v. Geupel Co.*, 29 Ohio St.2d 184, 186 (1972).

{¶ 14} Pamela appeals the trial court's entry denying her motions to dismiss and for summary judgment. Generally, neither the denial of a motion to dismiss nor the denial of a motion for summary judgment constitutes a final appealable order. *State Auto. Mut. Ins. Co. v. Titanium Metals Corp.*, 108 Ohio St.3d 540, 2006-Ohio-1713, ¶ 8, citing *Polikoff v.*

*Adam*, 67 Ohio St.3d 100, 103 (1993); *State ex rel. Overmeyer v. Walinski*, 8 Ohio St.2d 23 (1966), citing *Priester v. State Foundry Co.*, 172 Ohio St. 28 (1961). That general rule applies "with 'equal force' " to decisions denying motions based on an alleged lack of personal or subject-matter jurisdiction. *Cooney v. Radostitz*, 8th Dist. No. 110009, 2021-Ohio-2521, ¶ 16. For example, in *Copenhaver v. Copenhaver*, 4th Dist. No. 05CA16, 2005-Ohio-4322, ¶ 7, the court of appeals held that the denial of a motion to dismiss a divorce action for lack of jurisdiction under R.C. 3105.03 was not a final appealable order. *See also Curie v. Curie*, 11th Dist. No. 2004-A-0047, 2004-Ohio-3682.

{¶ 15} A final order includes "[a]n order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment." R.C. 2505.02(B)(2). Divorce qualifies as a special proceeding, *Thomasson v. Thomasson*, 153 Ohio St.3d 398, 2018-Ohio-2417, ¶ 12, citing *Wilhelm-Kissinger v. Kissinger*, 129 Ohio St.3d 90, 2011-Ohio-2317, ¶ 6, and a party has a substantial right to have a dispute adjudicated by a court of competent jurisdiction. *Copenhaver* at ¶ 5. At least one Ohio appellate court has also held that an order denying relief from judgment in a domestic relations case is an order upon a summary application in an action after judgment. *Quesinberry v. Quesinberry*, 2d Dist. No. 29192, 2021-Ohio-4680, ¶ 22. Appellate courts have nevertheless held that a trial court's denial of a motion challenging its jurisdiction does not *affect* a substantial right. *See Haskins v. Haskins*, 104 Ohio App.3d 58, 61 (2d Dist. 1995). An order "affects a substantial right for purposes of R.C. 2505.02(B)(2) only if 'in the absence of immediate review of the order [the appellant] will be denied effective relief in the future.' " *Thomasson* at ¶ 10, quoting *Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60, 63 (1993). That rationale, however, does not apply in the same way when, as here, a party challenges the trial court's jurisdiction post-judgment, when the merits of the parties' claims have already been adjudicated and the time for appeal has run. *See Quesinberry* at ¶ 26 (When considering the finality of a denial of relief from judgment, "[a]sking whether a party must await final judgment to appeal * * * does not make much sense.").

{¶ 16} The trial court here found Pamela's motions procedurally defective, stating that motions to dismiss and for summary judgment seek remedies that may be granted only

prior to trial or judgment.[2] But rather than simply denying Pamela's motion on that ground, the trial court considered the merits of Pamela's jurisdictional claim as if it were properly raised in a motion to vacate. A judgment denying a motion to vacate or for relief from judgment is a final appealable order. *Colley v. Bazell*, 64 Ohio St.2d 243, 245 (1980), citing *Greenspahn v. Joseph E. Seagram & Sons, Inc.*, 186 F.2d 616 (2d Cir.1951); *Russell v. Cunningham*, 279 F.2d 797 (9th Cir.1960); 7 Moore, *Federal Practice*, Paragraph 60.30[3] (2d Ed.); McCormac, *Ohio Civil Rules Practice* (1980 Supp.), 101, Section 13-27. It "puts an end to any further action by the [trial] court and leaves [the court's] judgment in full force and effect." *Greenspahn* at 619. Thus, in *Quesinberry*, the Second District concluded that an immediate appeal was necessary when the trial court denied a motion to vacate a decree of dissolution, noting both that it would be "inequitable and impracticable" to make the appellant wait until there were no matters pending in the trial court, and also that matters that might arise in the future would depend on the validity of the decree. *Id.* at 29. The same considerations weigh in favor of an immediate appeal here. Accordingly, we conclude that the trial court's judgment, rejecting Pamela's challenges to the trial court's jurisdiction, was a final appealable order, which we may review.

## B. Jurisdiction of Domestic Relations Courts

{¶ 17} "Divorce is a creature of state statute, and the power of the General Assembly over the entire subject of marriage, as a civil status, and its dissolution, is unlimited except as restricted by the state and federal constitutions." *Coleman v. Coleman*, 32 Ohio St.2d 155, 159 (1972). The General Assembly has granted to courts of common pleas, including domestic relations divisions of those courts, "full equitable powers and jurisdiction appropriate to the determination of all domestic relations matters," including claims for divorce. R.C. 3105.011(A). *See also Terry v. Terry*, 10th Dist. No. 77AP-603, 1977 Ohio App. LEXIS 7433, *7 (Dec. 22, 1977).

---

[2] Pamela challenges the trial court's procedural determination, citing Civ.R. 75(A), which states that, except as modified or excepted in Civ.R. 75, the Rules of Civil Procedure apply in divorce proceedings. She also cites Civ.R. 75(J), which provides for invocation of the domestic relations court's continuing jurisdiction. Neither provision, however, authorizes the consideration of a *pretrial* motion during *post-judgment* proceedings. We also find unpersuasive Pamela's unsupported argument that she was entitled to a trial on her motion to dismiss and that, therefore, her motion for summary judgment was a pretrial motion. (*See* Appellant's Brief at 9-10.)

{¶ 18} R.C. 3105.03, which governs residency requirements for divorce actions in Ohio, states, in part:

> The plaintiff in actions for divorce and annulment shall have been a resident of the state at least six months immediately before filing the complaint. Actions for divorce and annulment shall be brought in the proper county for commencement of action pursuant to the Rules of Civil Procedure.

For purposes of R.C. 3105.03, "resident" means " 'one who possesses a domiciliary residence, a residence accompanied by an *intention* to make the state of Ohio a permanent home.' " (Emphasis sic.) *Barth v. Barth*, 113 Ohio St.3d 27, 2007-Ohio-973, ¶ 12, quoting *Coleman* at 162. The Supreme Court of Ohio has held that the statutory language of R.C. 3105.03 is unambiguous and has directed courts to apply that language strictly and without interpretation. *Id.* at ¶ 11.

{¶ 19} The residency requirement in R.C. 3105.03 is a jurisdictional requirement. *Thomas v. Thomas*, 10th Dist. No. 03AP-1106, 2004-Ohio-2136, ¶ 4, citing *Weightman v. Weightman*, 10th Dist. No. 98AP-1021, 1999 Ohio App. LEXIS 2190, *4 (May 13, 1999). In both *Thomas* and *Weightman*, we treated compliance with R.C. 3105.03 as a prerequisite to the trial court's subject-matter jurisdiction, noting that a judgment rendered by a court that lacks subject-matter jurisdiction is void. *Thomas* at ¶ 4, citing *Patton v. Diemer*, 35 Ohio St.3d 68 (1988), paragraph three of the syllabus; *Weightman* at *4. "[I]f the plaintiff in a divorce action fails to satisfy the residency requirement[], the trial court has no authority to grant a decree of divorce in the action." *Thomas* at ¶ 4, citing *McMaken v. McMaken*, 96 Ohio App.3d 402, 405 (2d Dist.1994). Lack of subject-matter jurisdiction is not a waivable defense. *In re Claim of King*, 62 Ohio St.2d 87, 89 (1980).

### C. Parties May Stipulate to Facts Giving Rise to Jurisdiction

{¶ 20} Parties to an action may not confer jurisdiction on a court by mutual consent. *Beatrice Foods Co. v. Porterfield*, 30 Ohio St.2d 50, 54 (1972). They *may*, however, stipulate to facts that are sufficient to confer jurisdiction on the court. *Id.*

{¶ 21} *Beatrice Foods* concerned the First District Court of Appeals' jurisdiction over an appeal from the Board of Tax Appeals. The notice of appeal set out facts that, if true, were sufficient to establish that the court had subject-matter jurisdiction over the appeal pursuant to R.C. 5717.04. After the court of appeals sua sponte raised the question

of its jurisdiction, the parties filed a stipulation verifying the jurisdictional facts contained in the notice of appeal, *i.e.*, that the corporate taxpayer's principal place of business and the residence of its statutory agent were in Hamilton County. Despite the parties' stipulation, the court of appeals determined that the testimony and exhibits did not substantiate the jurisdictional assertions in the notice of appeal, and it dismissed the appeal. The Supreme Court reversed, holding that the parties' stipulation "remove[d] from the court's consideration any question or controversy concerning the jurisdictional statement contained in the notice of appeal." *Id.* In other words, a stipulation to the truth of facts necessary to establish the court's jurisdiction "may suffice to confer jurisdiction through estoppel." *In re Palmer*, 12 Ohio St.3d 194, 196 (1984), citing *Beatrice Foods*, paragraph one of the syllabus. Ohio courts of appeals, including this court, have applied the holding of *Beatrice Foods* to cases in which a defendant has raised a jurisdictional challenge based on nonsatisfaction of the statutory residency requirement for a divorce action. *See*, *e.g.*, *Kaydo v. Kaydo*, 11th Dist. No. 2002-L-021, 2022-Ohio-4055, ¶ 34 (judgment not void for lack of subject-matter jurisdiction when defendant's withdrawal of motion to dismiss left plaintiff's allegations regarding Ohio residency uncontested and effectively admitted); *Weber v. Devanney*, 9th Dist. No. 28876, 2018-Ohio-4012, ¶ 13-15 (trial court did not err in determining it had jurisdiction in light of wife's admission to factual allegations and parties' stipulation); *Weightman*; *Sturgill v. Sturgill*, 61 Ohio App.3d 94 (2d Dist.1989) (defendant estopped from challenging subject-matter jurisdiction because he had admitted jurisdictional facts in his answer and had not appealed the divorce decree.).

{¶ 22} This court's decision in *Weightman* is particularly instructive here. In her complaint for divorce, Donna Weightman alleged that she had been a resident of Ohio for more than six months and a resident of Franklin County for more than 90 days immediately preceding the filing of her complaint. Her husband, Brian Weightman, did not file a responsive pleading, did not appear for the final hearing, and did not appeal the decree of divorce. Five years later, however, Brian filed a motion for relief from judgment, arguing that the trial court had not possessed subject-matter jurisdiction over the action because Donna had not resided in Ohio for six months immediately preceding the filing of her complaint. The trial court denied Brian's motion, and he appealed.

{¶ 23} In affirming the trial court's judgment, we stated that "a litigant may not collaterally attack a divorce decree based upon the lack of subject matter jurisdiction * * * when the factual predicate for such jurisdiction was originally admitted." *Weightman* at *5. We held:

> In her original complaint, [Donna] alleged facts satisfying the residency requirements. [Brian] was served with a copy of this complaint but never filed an answer. As such, [Brian] admitted the factual allegations that conferred subject matter jurisdiction over the divorce decree. Moreover, [Brian] failed to appeal the original divorce decree, which specifically held that the residency requirements had been satisfied. As such, * * * we hold that [Brian] is estopped from challenging the subject matter jurisdiction of the trial court over the original divorce decree.

*Id.* at *6-7.

{¶ 24} As Pamela points out in her appellate brief, this court did refuse to apply the rule from *Beatrice Foods* in *Thomas*. There, Theresa Thomas filed a complaint for divorce on February 7, 2002, and in a contemporaneously filed custody affidavit, stated that she had been an Ohio resident since August 1, 2001. Her husband, Ronald Thomas, initially admitted the jurisdictional facts alleged by Theresa, but he later challenged the court's jurisdiction in an amended answer and motion to dismiss, in which he claimed that Theresa had not been a resident of Ohio for six months before filing her complaint. Specifically, Ronald argued that Theresa did not move to Ohio on August 1, 2001, as stated in her custody affidavit. The trial court granted Ronald's motion to dismiss, and this court affirmed that judgment. We stated that there was no dispute that Theresa had not been an Ohio resident for at least six months before filing her complaint for divorce and that absent a convincing reason why Ronald should not have been able to raise lack of jurisdiction in his motion to dismiss, "there can be no dispute that the trial court lacked subject-matter jurisdiction." *Thomas* at ¶ 5.

{¶ 25} In *Thomas*, we rejected Theresa's argument that Ronald's admissions in his original answer and counterclaim for divorce precluded him from challenging the trial court's jurisdiction. We specifically distinguished *Thomas* from *Sturgill* and *Beatrice Foods*. We distinguished *Sturgill* on the basis that the defendant there did not challenge the trial court's jurisdiction until after judgment, in a collateral attack, whereas Ronald filed

his motion to dismiss prior to the trial court issuing any final decree. We distinguished *Beatrice Foods* because Ronald's initial admission to jurisdictional facts was based upon Theresa's false statement of the date on which she moved to Ohio, which Ronald did not then know was false. We held:

> [Theresa] has not presented any convincing argument or authority as to why [Ronald] should have been prevented from raising the issue of subject-matter jurisdiction, which the trial court indisputably lacked. Although [Ronald] admitted to the jurisdictional allegation in his answer, he did so based upon the inaccurate allegations in the complaint and [Theresa's] false affidavit. Further, [Ronald] filed his amended answer and motion to dismiss immediately after retaining new counsel and discovering [Theresa] did not move to Ohio on August 1, 2001. Also, the action never proceeded to final judgment, and [Theresa] did not unfairly rely upon the finality of any judgment.

*Thomas* at ¶ 12.

{¶ 26} This case is not similarly distinguishable from *Beatrice Foods*. Even assuming that Logan's allegation that he had been an Ohio resident for at least six months immediately preceding the filing of his complaint was untruthful, Pamela cannot claim that she was unaware of that untruthfulness when she filed her answer, admitting to Logan's allegations regarding his residency, and authorized the agreed entry. To the contrary, her own evidence belies any such suggestion. Pamela's affidavit filed in support of her motion for summary judgment suggests her belief that Logan intended to remain in Tennessee when he moved out of the marital home in August 2016. Pamela stated that Logan planned in the summer of 2016 that he would move to Tennessee to start an engineering consulting business with a friend, that she and the parties' daughter would permanently join him in Tennessee once the marital residence had been sold, and that in August 2016 Logan took with him enough clothing and personal effects to live in Tennessee indefinitely. In November 2016, Pamela became aware that Logan had consulted a divorce attorney, and she refused to meet Logan at the attorney's office. Yet despite that knowledge, Pamela admitted to Logan's allegations that he had been an Ohio resident for more than six months immediately preceding the filing of his complaint and a Franklin County resident for more the 90 days immediately preceding the filing of his complaint. She also stipulated in the agreed entry to the propriety of venue in Franklin County, to the trial court's jurisdiction,

and to the facts giving rise to that jurisdiction.  Accordingly, we conclude that it is *Thomas*, not *Beatrice Foods*, that is distinguishable from this case.

{¶ 27} Pamela next argues that the holding of *Beatrice Foods* is inapplicable here because Logan's residence presents a question of law, not a question of fact.  In support of that assertion, she cites *Hager v. Hager*, 79 Ohio App.3d 239 (2d Dist.1992).  There, Marjean Hager challenged the trial court's subject-matter jurisdiction over a divorce complaint filed by her husband Joseph Hager, who was stationed at Wright Patterson Air Force Base.  Following an evidentiary hearing, a referee concluded that Joseph intended to remain in Ohio after his retirement from the military and that he had established residence in Ohio for purposes of R.C. 3105.03.  On appeal, the Second District stated that "residence" includes the concept of domicile, "the place to which one intends to return and from which one has no present purpose to depart."  *Hager* at 244, citing *Smerda v. Smerda*, 48 Ohio Law Abs. 232, *13 (C.P.1947).  The court cited an 1878 decision from the Supreme Court that describes domicile as "the relation[ship] which the law creates between an individual and a particular locality."  *Sturgeon v. Korte*, 34 Ohio St. 525, 534 (1878).  The Second District did not, however, suggest that "residence"—or even "domicile"—is a question of law, rather than a question of fact.  Indeed, the court stated that it is the plaintiff's burden to establish residency by a preponderance of the evidence, thus reinforcing the factual nature of that inquiry.  Therefore, Pamela's reliance on *Hager* is misplaced.

{¶ 28} Ohio appellate courts have specifically held that the question of a party's residence and/or domicile presents a question of fact.  *See Apgar v. McClure*, 12th Dist. No. 82-02-0015, 1983 Ohio App. LEXIS 15832, *2 (Apr. 13, 1983) ("Whether or not * * * domicile existed [in a divorce action] is a question of fact"); *Prod. Credit Assn. v. Jackson Prod. Credit Assn.*, 4th Dist. No. 380, 1982 Ohio App. LEXIS 14802, *6 (Apr. 29, 1982), citing 57 Ohio Jurisprudence 2d, Words & Phrases ("Residence is, almost always, a question of fact"); *Drazen v. Drazen*, 3d Dist. No. 9-80-44, 1981 Ohio App. LEXIS 12604, *6 (May 8, 1981) ("There was a question of fact for resolution by the trial court and sufficient evidence of a credible nature * * * that the [plaintiff's] residency persisted and jurisdiction existed.").  The Supreme Court of the United States has likewise described domicile, "upon which depends the power to exert judicial authority," as a "crucial *fact*." (Emphasis added.) *Williams v. North Carolina*, 325 U.S. 226, 230 (1945).  Consistent with those courts'

understandings of residence as a question of fact, we reject Pamela's attempt to characterize the question of Logan's residence as a question of law, as a means to avoid the effect of her admission. Having admitted and stipulated to facts sufficient to confer on the trial court jurisdiction over Logan's complaint for divorce, Pamela may not challenge the trial court's jurisdiction in a post-judgment collateral attack.

**D. The Trial Court had Jurisdiction Over Pamela's Counterclaim for Divorce**

{¶ 29} The trial court also held that, even if it did not have jurisdiction over Logan's complaint for divorce because Logan was not a resident of Ohio for six months preceding the filing of his complaint, it had jurisdiction to grant the parties a divorce on Pamela's counterclaim because there was no dispute that Pamela was an Ohio resident for the statutorily required period. In support of its holding, the trial court cited *Columbus Metro. Hous. Auth. v. Flowers*, 10th Dist. No. 05AP-87, 2005-Ohio-6615, ¶ 15, in which this court stated, "As long as the court has jurisdiction of the parties and of the controversy," a court may dismiss a complaint and yet retain jurisdiction over a properly asserted counterclaim, which the defendant may pursue independently.

{¶ 30} Pamela argues that *Flowers* is inapplicable because the dismissal of the complaint there was not for lack of jurisdiction; she maintains that if the trial court lacked jurisdiction over Logan's complaint, it necessarily lacked jurisdiction over her counterclaim. (Appellant's Brief at 54.) We disagree. The relevant question is whether the trial court had jurisdiction over the parties and over the claim asserted via counterclaim, independent of the dismissed claim. In *Wells Fargo Bank, N.A. v. Wick*, 8th Dist. No. 99373, 2013-Ohio-5422, ¶ 13, for example, the trial court dismissed the plaintiff's foreclosure claim for lack of jurisdiction based on the bank's lack of standing, but that dismissal did not deprive the trial court of jurisdiction over the defendants' counterclaims for violations of the Truth in Lending Act, which could remain pending for independent adjudication. Pamela's counterclaim for divorce had its own jurisdictional basis—her residency in Ohio for at least six months immediately prior to the filing of her counterclaim—that is not affected by any inadequacy in the jurisdictional basis for Logan's claim.

{¶ 31} This court touched on this issue, at least implicitly, in *Thomas*. There, we stated that the trial court could not have retained jurisdiction over the defendant's

counterclaim for divorce after dismissing the plaintiff's complaint. *Thomas* at ¶ 11. But the reason for that determination was that the defendant had *dismissed* the counterclaim, not that dismissal of the complaint for failure to comply with R.C. 3105.03 rendered any counterclaim void. *Id.* Here, even had the trial court determined that it lacked jurisdiction to grant a divorce on Logan's complaint, it would have had personal jurisdiction over the parties and subject-matter jurisdiction over Pamela's counterclaim for divorce.

## III. CONCLUSION

{¶ 32} Pamela's admission of facts sufficient to vest the trial court with jurisdiction over this action precludes her post-judgment collateral attack. Moreover, the trial court had jurisdiction to independently grant the parties a divorce on Pamela's counterclaim. Therefore, the trial court did not err in denying Pamela's motion to dismiss, amended motion to dismiss, and motion for summary judgment. We accordingly affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations.

*Judgment affirmed.*

BEATTY BLUNT, P.J. and DORRIAN, J., concur.