[Cite as *Wiczynski v. Hutton*, 2024-Ohio-2660.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Mandi Wiczynski                              Court of Appeals No.  L-23-1135

    Appellee                                  Trial Court No.  DM2022-5115

v.

Regina Hutton, f/k/a Wiczynski                **DECISION AND JUDGMENT**

    Appellant                                 Decided:  July 12, 2024

* * * * *

Martin E. Mohler, for appellee.

James S. Adray, for appellant.

* * * * *

**ZMUDA, J.**

## I.  INTRODUCTION

{¶ 1} Appellant, R.H., appeals the Lucas County Court of Common Pleas, Domestic Relations Division's May 16, 2023 judgment denying her motion to vacate its previously-granted decree of dissolution of her marriage to M.W. based on lack of subject matter jurisdiction or, in the alternative obtain relief from that decree pursuant to Civ.R. 60(B).  For the following reasons, we affirm the trial court's judgment.

## A. Facts and Procedural Background

{¶ 2} This appeal arises from the 2022 dissolution of the parties' marriage. On April 4, 2022, M.W. filed a petition for dissolution of marriage. In that petition, she alleged that both she and R.H. had been residents of Lucas County for more than 6 months prior to filing the petition, that they had been married since February 21, 2021, and that J.W. had been born as issue of the marriage on May 12, 2021. Additionally, the petition alleged that the parties had agreed and executed a separation agreement that was attached to the petition. Relevant to the present appeal, the separation agreement stated that "[t]he parties hereby agree that they will enter into a Shared Parenting Agreement for the care, custody and control of the minor child, J.W. * * *."

{¶ 3} The parties appeared for a hearing on the dissolution petition on May 31, 2022. During their testimony, both parties agreed that J.W. was born issue of the marriage and that they had voluntarily agreed to the terms included in the separation agreement. The trial court verbally granted the parties' dissolution decree at the conclusion of the hearing.

{¶ 4} The decree, and all related terms of the parties' dissolution, was memorialized in a written judgment entry dated June 2, 2022, signed by the trial court and both parties. The decree included the judgment order granting the decree and incorporated the parties' written separation agreement with all of its attachments—the same agreement that was filed with the petition. The decree also included a shared parenting plan that was executed by M.W. on April 12, 2022, and R.H. on April 27, 2022.

2.

The shared parenting plan identified both parties as J.W.'s "parents" throughout the agreement.

{¶ 5} Neither party objected to any portion of the trial court's judgment on the record. Further, neither party filed an appeal—timely or otherwise—from the trial court's judgment.

{¶ 6} Then, on April 21, 2023, approximately ten-and-one-half months after the decree was granted, R.H. filed a "motion to vacate decree of dissolution of marriage in part, or in the alternative motion for relief from judgment pursuant to Civ.R. 60(B)." In her motion, R.H. noted that she gave birth to J.W. through artificial insemination and, that despite her being born during the marriage, that M.W. never adopted J.W. She argued that the Lucas County Court of Common Pleas, Domestic Relations Division only has subject matter jurisdiction over the parental rights and responsibilities of "parents" in domestic relations matters pursuant to R.C. 3105.011 and, that because M.W. was not J.W.'s parent, the trial court lacked jurisdiction to grant M.W. any parental rights. R.H. also argued that she was entitled to relief from judgment because the parties' assertion that M.W. was a "parent" during the dissolution proceedings was based on a mutual mistake of the parties as described in Civ.R. 60(B)(1).

{¶ 7} M.W. filed her opposition brief on May 5, 2023. She argued that R.C. 3111.03(A) presumes that the spouse in a same-sex marriage is a parent of the child who was biologically born to their spouse during the marriage. The statute, as written, only specifically identifies "the man" to be the father of a child born during a marriage.

3.

However, M.W. argued that the application of the equal protection clause to same-sex marriages, through *Obergfell v. Hodges,* 576 U.S. 644 (2015), prohibits any interpretation of Ohio law that would conclude that the wife in a same-sex marriage was not presumed to be the parent of a child born during that marriage. She argued that under *Obergfell,* the statute must equally apply to women in a same-sex marriage, rendering her a "parent" of J.W. and giving the trial court subject matter jurisdiction to establish her parental rights. She further argues that not applying the presumption of parentage of a child born during a same-sex marriage to the non-biological mother is against the public policy of ensuring financial support for minor children. M.W. did not dispute that she never adopted J.W. R.H. did not respond to M.W.'s opposition brief.

{¶ 8} The trial court denied R.H.'s motion to vacate with a written entry on May 16, 2023. The trial court held that it had subject matter jurisdiction over both parties' parental rights and responsibilities because, it found, R.C. 3111.03(A) applied to a female spouse in a same-sex marriage despite the statute's reference only to "a man" as the presumed parent. For that reason, the court held that M.W. was J.W.'s parent and that the court had subject matter jurisdiction to establish her parental rights and responsibilities through the shared parenting plan. Further, the trial court held that R.H. did nothing to rebut this presumption. The trial court also determined that R.H. was not entitled to relief pursuant to Civ.R. 60(B)(1) because even if the facts alleged in her motion were proven true, she "fail[ed] to allege operative facts that would warrant relief pursuant to Civ.R. 60(B)."

4.

## B. Assignments of Error

{¶ 9} R.H. timely appealed from the trial court's denial of her motion and asserts the following errors for our review:

1. The domestic relations court lacks subject matter jurisdiction to enter or approve a shared parenting plan between a parent and a non-parent.

2. The trial court violated the rules of construction by failing to apply the statute when it instead proceeded to interpret it as having the "spirit" of the definition of "parents" ignoring the plain meaning of the words, and consistent interpretation of the statute and essentially rewrote this statute and negatively impacted R.C. 2105.06 et seq.

3. The trial court abused its discretion in failing to grant appellant's Civ.R 60(B) request.

Because our review of the trial court's denial of appellant's Civ.R. 60(B) motion informs our review of the trial court's denial of appellant's motion to vacate the judgment, we address R.H.'s third assignment of error first.

## II. LAW AND ANALYSIS

### A. The trial court did not err in denying R.H.'s motion for relief from judgment based on an alleged mistake as described in Civ.R. 60(B)(1).

{¶ 10} In her third assignment of error, R.H. argues that the trial court abused its discretion in denying her Civ.R. 60(B) motion for relief from judgment. Specifically, she argues that the parties *mistakenly* represented to the trial court that M.W. was J.W.'s

"parent," resulting in the trial court's incorporation of the parties' agreed shared parenting plan into its judgment. Since Ohio law does not permit any trial court to approve a shared parenting plan between a parent and a nonparent, she argues that the trial court's judgment was based on that mistake and that she was entitled to relief from that judgment pursuant to Civ.R. 60(B)(1). We disagree.

{¶ 11} We review a trial court's denial of a Civ.R. 60(B) motion for relief from judgment for an abuse of discretion. *GTE Automatic Electric, Inc. v. Arc Industries, Inc.*, 47 Ohio St.2d 146, 150 (1976). Civ.R. 60(B) states, in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or
>
> his legal representative from a final judgment, order or proceeding for the
>
> following reasons: (1) mistake, inadvertence, surprise or excusable
>
> neglect[.]

To prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the movant "must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time[.]" *See GTE Automatic Electric, Inc.* at 150-151. Having reviewed the record, we find that R.H.'s Civ.R. 60(B) motion for relief fails to satisfy the first element necessary to succeed on that motion—that is, it fails to identify a meritorious defense or claim she could have presented had the trial court granted the requested relief. *Id.*

6.

{¶ 12} As R.H. notes, the Ohio Supreme Court previously held that "Ohio does not recognize a parent's attempt to enter into a statutory 'shared parenting' arrangement with a nonparent, same-sex partner, because the nonparent does not fall within the definition of 'parent' under the current statutes." *In re. Mullin,* 2011-Ohio-3361, ¶ 11, citing *In re. Bonfield,* 2002-Ohio-6660, ¶ 35. R.C. 3111.01(A)(1) defines a "parent and child relationship" as "the legal relationship that exists between a child and the child's natural or adoptive parents and upon which those sections and any other provision of the Revised Code confer or impose rights, privileges, duties, and obligations." *See Bonfield* at ¶ 23-28 (holding that R.C. 3111.01(A)(1)'s definition of "parent and child relationship" was appropriate to determine whether a party was a "parent"). Accordingly, R.H. was only entitled to relief from the trial court's judgment if she could identify a meritorious claim that M.W. did not have a parent and child relationship with J.W., a fact that would have rendered the shared parenting plan invalid as between a parent and nonparent. *See GTE Automatic Electric, Inc.* at 150-151.

{¶ 13} R.C. 3111.01 recognizes "three ways a parent-child relationship could be established: (1) by natural parenthood, (2) by adoption, or (3) 'by other legal means in the Revised Code that confer or impose rights, privileges, and duties upon certain individuals.'" *Bonfield* at ¶ 28. Neither party alleges that M.W. was J.W.'s parent through "natural parenthood." In her Civ.R. 60(B) motion for relief from judgment, R.H. alleges, via her attached, unchallenged affidavit, that M.W. was not a parent through adoption because she had not adopted J.W. She argued that since M.W. was not a parent

7.

through natural parenthood or adoption, the parties were mistaken when they identified M.W. as a parent in the shared parenting plan that was incorporated into the judgment entry. Since M.W. was not a parent, she concludes, the mistaken representation to the trial court resulted in the trial court's erroneous approval of the shared parenting plan and that she was entitled to relief from the judgment based on that mistake.

{¶ 14} R.H.'s attempt to nullify the parties' representation to the trial court that M.W. was J.W.'s parent by showing that no adoption occurred does not show that the trial court's judgment was premised on a mistake that entitled R.H. to the requested relief. R.H.'s motion ignores that M.W. could also be J.W.'s parent based on "other legal means in the Revised Code that confer or impose rights, privileges, and duties upon" M.W. as described in R.C. 3111.01(A)(1). *Bonfield* at ¶ 28. R.H.'s motion for relief was expressly limited to the grounds that M.W. was neither J.W.'s natural or adopted parent. In her opposition, M.W. identified R.C. 3111.03(A) as a Revised Code section that conferred upon her a parent and child relationship with J.W. R.H. did not file a reply or otherwise dispute M.W.'s argument that she had a parent and child relationship with J.W. based on a separate Revised Code section—the third way in which that relationship could be established under R.C. 3111.01(A)(1).[1] R.H.'s motion, then, completely ignored that

---

[1] For the first time in this appeal, R.H. challenges whether R.C. 3111.03(A) establishes a presumption that a same-sex spouse is the parent of a child born during their marriage in light of *Obergfell* despite having been properly raised by M.W. before the trial court. We decline to address this argument as it is barred by the doctrine of waiver. *See Lester v. Don's Automotive Group, LLC,* 2021-Ohio-4397, ¶ 49 (6th Dist.).

8.

M.W.'s parentage could be established based on the imputation of the rights and duties of parenthood through other Revised Code sections. Therefore, even if R.H. had informed the trial court that M.W.'s parent and child relationship with J.W. was not based on natural parenthood or adoption prior to the judgment, it would not have dispositively shown that M.W. was not otherwise J.W.'s parent and that the parties could not have entered into a shared parenting plan.

{¶ 15} Put simply, even if the trial court had explicitly been made aware that M.W. had not adopted J.W. prior to granting the dissolution decree incorporating the shared parenting plan, the lack of adoption alone would not have been a basis to find that M.W. was not J.W.'s parent. Therefore, R.H.'s motion for relief from judgment did not provide a meritorious claim that M.W. was not J.W.'s parent or that the shared parenting plan was invalid. Since R.H.'s motion did not show that she had a meritorious claim to present had the relief been granted, we cannot say that the trial court abused its discretion in denying her Civ.R. 60(B) motion for relief from judgment. As a result, R.H.'s third assignment of error is found not well-taken.

> **B. R.H. waived her right to challenge the factual predicate underlying the trial court's determination that it had subject matter jurisdiction over the parties' parental rights and responsibilities.**

{¶ 16} In her first assignment of error, R.H. argues that the trial court erred in denying her motion for relief from judgment because it lacked subject matter jurisdiction to grant parental rights to M.W. Specifically, she argues that the domestic relations division only has subject matter jurisdiction to resolve parental rights and responsibilities

in a dissolution action when both parties are "parents" as defined under various Ohio statutes. She argues that since J.W. is not M.W.'s biological child, and because M.W. never adopted her, that M.W. was not J.W.'s "parent" and, therefore, the trial court could not have subject matter jurisdiction to approve a shared parenting plan between a parent and a non-parent.

{¶ 17} In her second assignment of error, R.H. argues that the trial court erred by finding that R.C. 3111.03(A) warranted the presumption that M.W. was J.W.'s parent. She argues that the statute, which establishes that "[a] man is presumed to be the natural father of a child" born into a marriage is unambiguous in that it only applies to husbands in an intersex marriage. As a result, she argues, the trial court erred in interpreting the statute to presume M.W. was J.W.'s parent and, in correlation with her first assignment of error, divested the trial court of subject matter jurisdiction to determine M.W.'s parental rights and responsibilities.

{¶ 18} While each of R.H.'s first and second assignments of error provide a separate argument, they each allege that the trial court's reversible error was denying her motion to vacate the prior judgment because the trial court lacked the subject matter jurisdiction to grant M.W. any parental rights as the allocation of parental rights between a parent and a nonparent was under the exclusive subject matter jurisdiction of the Lucas County Court of Common Pleas, Juvenile Division pursuant to R.C. 2151.23(A)(2) ("The juvenile court has exclusive original jurisdiction under the Revised Code as follows * * * to determine the custody of any child not a ward of another court of this state[.]"). In her

10.

brief, M.W. renews her constitutional arguments that she raised in response to R.H.'s original motion. Specifically, she argues that finding the trial court erred in denying R.H.'s motion to vacate would deny her the equal protection of law guaranteed to her through the 14th Amendment of the United States Constitution as described in *Obergfell,* 576 U.S. 644.

{¶ 19} While the parties cite extensive statutory and case authority in support of their respective arguments, we find that our analysis of the merits of each parties' arguments is unnecessary as R.H. waived her right to challenge the trial court's subject matter jurisdiction to grant M.W. parental rights.

{¶ 20} We first recognize, as R.H. states, that it is "well-settled * * * [that] parties may not, by stipulation or agreement, confer subject matter jurisdiction on a court, where subject matter jurisdiction is otherwise lacking." *Infinite I* at ¶ 10, citing *Fox v. Eaton Corp.,* 48 Ohio St.2d 236, 238 (1976). Certainly, this court cannot and would not condone the establishment of subject matter jurisdiction over the shared parenting plan by agreement of the parties in this action if, indeed, that issue was outside the trial court's subject matter jurisdiction. However, that is not what occurred here.

{¶ 21} The record shows that R.H. did not raise the issue of subject matter jurisdiction over the parties' shared parenting plan prior to the trial court's granting of the dissolution decree. To the contrary, both parties, including R.H., expressly testified that J.W. was born "issue of the marriage." Further, the parties both executed the shared

11.

parenting plan that was ultimately attached to and incorporated into the trial court's dissolution decree. The Shared Parenting Plan stated, in relevant part, the following:

> WHEREAS, we, [M.W. and R.H.], *the parents of [J.W.],* born May 12, 2021, * * *
>
> WHEREAS, we *as parents* acknowledge that ending our marital duties to each other does not relieve us of our *parental* duties to our minor child, and our mutual duties to each other *as parents;* and
>
> * * *
>
> WHEREAS, rearing [a] child requires hard work from us *as parents* * * *[.]

(emphasis added).  Put simply, throughout the proceedings below, both parties represented to the trial court that R.H. and M.W. were both the parents of J.W.  Indeed, there is no recorded objection to that conclusion until R.H. filed her alternative motion to vacate or motion for relief from that decree pursuant to Civ.R. 60(B) nearly a year later. Therefore, at the time the trial court memorialized the dissolution decree, the fact of M.W.'s parentage was undisputed. Because R.H. did not dispute the fact of M.W.'s parent and child relationship with J.W., we find that she has waived her ability to challenge the trial court's subject matter jurisdiction to approve the shared parenting plan.

{¶ 22} Generally, a party can challenge a court's subject matter jurisdiction at any time.  *See Eckart v. Newman,* 2019-Ohio-3211, ¶ 8, fn. 1 (6th Dist.) ("[T]he lack of subject matter jurisdiction can never be waived and may be raised at any time[.]").

12.

However, Ohio courts have identified a narrow exception to that proposition in that "a litigant may not collaterally attack a divorce decree based upon the lack of subject matter jurisdiction * * * *when the factual predicate for such jurisdiction was originally admitted.*" *Id.* at ¶ 23, citing *Weightman v. Weightman,* 1999 WL 354405, *2 (10th Dist.May 13, 1999) (a party may not challenge the jurisdiction of the court when such jurisdiction is based upon previously uncontested or admitted facts) (emphasis added). Therefore, while a party may not confer jurisdiction on a court by mutual consent, they may stipulate to *facts* that are sufficient to confer jurisdiction on the court. *Mullinix v. Mullinix,* 2023-Ohio-1053, ¶ 20 (10th Dist.), citing *Beatrice Foods Co. v. Porterfield,* 30 Ohio St.2d 54, (1972); *See also Sturgill v. Sturgill,* 61 Ohio App.3d 94, 98 (1989). Thus, if a party seeks to challenge the *factual predicate* underlying the trial court's exercise of subject matter jurisdiction, rather than whether the trial court had subject matter jurisdiction over the claim based on that factual predicate, such a challenge can be waived. *Id.* This is a narrow, but important distinction regarding challenges to subject matter jurisdiction that comports with the well-established principle that trial courts determine their own jurisdiction. *See Allstate Ins. Co. v. Cleveland Elec. Illuminating Co.,* 2008-Ohio-3917; *State ex rel. Kerr v. Kelsey,* 2019-Ohio-3215, ¶ 5 (6th Dist.).

{¶ 23} The Tenth District Court of Appeals's decision in *Mullinex* is instructive as to this distinction. In that case, the plaintiff filed a complaint for divorce in the Franklin County Court of Common Pleas, Domestic Relations Division. *Id.* at ¶ 2. In his complaint, he alleged that he had been a resident of the state of Ohio for 6 months prior

13.

to the filing of his complaint. *Id.* This residency allegation related to the establishment of the trial court's subject matter jurisdiction over the proceedings as described in R.C. 3105.03. *Id.* The defendant admitted petitioner's residency allegation in her answer and, in her counterclaim, similarly alleged that she had also met this same residential requirement. *Id.* The parties ultimately resolved the proceedings through an agreed entry that stated "both parties were residents of Ohio for more than six months * * * immediately preceding the filing of the complaint" and that the trial court "has jurisdiction to determine all of the issues raised by the pleadings." *Id.* at ¶ 3. Neither party appealed the judgment. *Id.*

{¶ 24} Nearly two years later, defendant filed a Civ.R. 12 motion to dismiss and a Civ.R. 56 motion for summary judgment seeking dismissal of the divorce action, alleging that plaintiff had not actually resided in Ohio for the six months prior to filing the complaint despite the allegation in his complaint. *Id.* at ¶ 7-8. The trial court treated defendant's motions as a motion to vacate for lack of subject matter jurisdiction.[2] *Id.* at ¶ 9. The trial court determined that because "the record, affidavits filed, admission from [defendant], stipulations, and representations made to [the court] at the time of the agreed decree the parties were both residents in the state of Ohio at least six months prior to filing the complaint." *Id.* Based on these undisputed facts, the trial court concluded that

---

[2] The trial court noted that Civ.R. 12 and Civ.R. 56 cannot be used to obtain post-judgment relief as they plainly only provide for "pretrial remedies."

it had subject matter jurisdiction over the proceedings and denied the motion to vacate. *Id.*

{¶ 25} Defendant renewed her argument on appeal. *Id.* at ¶ 17. The Tenth District Court of Appeals, relying on *Beatrice Foods Co,* 30 Ohio St.2d 54, affirmed the trial court's judgment. *Id.* at ¶ 28. The court found that the record established that the parties had stipulated to the residency requirements throughout the proceedings and the trial court determined its own jurisdiction based on those stipulations. *Id.* Relevant here, the court stated "[h]aving admitted and stipulated to facts sufficient to confer on the trial court jurisdiction over [plaintiff's] complaint for divorce, [defendant] may not challenge the trial court's jurisdiction in a post-judgment collateral attack." *Id.*

{¶ 26} We reach the same conclusion here. R.H.'s motion to vacate challenges the underlying factual predicate on which the trial court exercised subject matter jurisdiction over the shared parenting plan. The record shows that R.H. did not contest M.W.'s parentage during the dissolution proceedings. As described above, all documents filed with the court and executed by the parties indicate that M.W. was J.W.'s parent. R.H. did not seek to challenge this fact until nearly a year after the decree was granted. Based on the uncontested facts before it at that time, the trial court granted the dissolution decree, incorporating the shared parenting plan, based on the parties' representations. R.H. cannot now, after failing to contest the issue below, attempt to disprove M.W.'s parentage to show that the trial court did not, in fact, have subject matter jurisdiction over the shared parenting plan. *Mullinix* at ¶ 28.

15.

{¶ 27} Moreover, appellant's challenge to the factual predicate supporting subject matter jurisdiction is based on the false premise stated in her motion to vacate that M.W. could not be J.W.'s parent because she was not a natural parent and had not adopted J.W. As described above, this argument ignores the third way in which M.W. could establish her parent and child relationship with J.W. under the Revised Code. Even accepting R.H.'s argument that M.W. was not a parent due to the lack of natural parenthood or adoption, then, the trial court could still have determined that it had subject matter jurisdiction to approve the parties' shared parenting plan based on the fact that M.W. had otherwise established a parent and child relationship with J.W. In sum, R.H. waived her ability to challenge the factual predicate underlying the trial court's subject matter jurisdiction by failing to challenge those facts before the trial court entered its judgment.

{¶ 28} Since each of R.H.'s first and second assigned errors are based on the trial court's purported lack of subject matter jurisdiction to approve the shared parenting plan, her inability to challenge the facts supporting the trial court's exercise of subject matter jurisdiction post-decree precludes this court from finding in her favor. As a result, we find R.H.'s first and second assignments of error not well-taken.

### III. CONCLUSION

{¶ 29} For these reasons, we find each of R.H.'s assignments of error not well-taken and we affirm the Lucas County Court of Common Pleas, Domestic Relations Division's May 16, 2023 judgment.

{¶ 30} R.H. is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Gene A. Zmuda, J.                          _____
                                                               JUDGE

Myron C. Duhart, J.           

Charles E. Sulek, P.J.          _____
CONCUR.                                            JUDGE

                                               _____
                                               JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.